*530 DAVID T. PROSSER, J.
¶ 1. This is a review of an unpublished decision of the court of appeals.[1] The issue presented has been framed by the defendant as whether the defendant is "entitled to an evidentiary hearing based on his Wis. Stat. § 974.06 motion alleging ineffective assistance of postconviction counsel for failing to raise a strong argument for plea withdrawal [.]"
¶ 2. This somewhat innocuous statement of the issue requires the court to conduct a wide-ranging discussion of postconviction procedure before it determines whether the defendant's Wis. Stat. § 974.06 (2011-12)[2] motion provides a sufficient reason for failing to bring his present claims in an earlier post-conviction proceeding and whether the § 974.06 motion alleges sufficient facts that, if true, would entitle the defendant to relief. As is often the case, the procedural history is crucial to the court's conclusions.
¶ 3. We conclude the following.
¶ 4. First, a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought. See State v. Starks, 2013 WI 69, ¶ 6, 349 Wis. 2d 274, 833 N.W.2d 146. However, in evaluating the comparative strength of the claims, reviewing courts should consider any objectives or preferences that the defendant conveyed to his attorney. A claim's strength may be bolstered if a defendant directed his attorney to pursue it.
*531 ¶ 5. Second, the defendant has not offered a sufficient reason in his third postconviction motion for failing to raise his § 974.06 claim in his second post-conviction motion. Without a sufficient reason, a defendant may not bring a claim in a § 974.06 motion if that claim "could have been raised in a previously filed sec. 974.02 motion and/or on direct appeal." State v. Escalona-Naranjo, 185 Wis. 2d 168, 173, 517 N.W.2d 157 (1994). Consequently, the defendant's claim is barred.
¶ 6. Third, even if the § 974.06 motion were not barred on "sufficient reason" grounds, the motion does not allege sufficient facts that, if true, would entitle the defendant to relief. The defendant failed to allege that the plea withdrawal claim was clearly stronger than the resentencing claim. He does not specifically state which postconviction attorney was ineffective and instead makes an ambiguous reference to "postconviction counsel." The motion then focuses almost exclusively on trial counsel and does not provide facts regarding postconviction counsel's performance. Consequently, the defendant's motion falls far short of what is required, and the circuit court properly determined that he is not entitled to an evidentiary hearing.
I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY
¶ 7. On April 7, 2006, the State filed a complaint charging Andres Romero-Georgana (RomeroGeorgana) with first-degree sexual assault of a child under the age of 13 contrary to Wis. Stat. § 948.02(1) (2005-06). The complaint alleged that RomeroGeorgana had sexual contact with the seven-year-old daughter of the woman with whom he was in a relationship. On May 17, 2006, assistant state public *532 defender Carrie LaPlant (Attorney LaPlant) was appointed to represent Romero-Georgana. On May 26, 2006, Romero-Georgana waived his right to a preliminary examination, and an information repeating the charge in the complaint was filed that day. On June 23, 2006, Romero-Georgana entered a plea of not guilty before Brown County Circuit Judge J.D. McKay. At this arraignment, Judge McKay scheduled the case for trial and informed Romero-Georgana, "If you're not a citizen of this country, a conviction could lead to your deportation."[3]
¶ 8. On October 20, 2006, Romero-Georgana completed an English and Spanish Plea Questionnaire/Waiver of Rights form in which he pled no contest to first-degree sexual assault of a child. As part of the plea agreement, the State agreed not to file any additional charges against the defendant and agreed not to make any specific sentencing recommendation. At a plea hearing on November 17, 2006, RomeroGeorgana entered a no-contest plea with the aid of an interpreter. The court accepted Romero-Georgana's plea and found him guilty of first-degree sexual assault of a child under the age of 13.
¶ 9. At the plea hearing, the circuit court failed to advise Romero-Georgana that he could be deported as a result of his plea, as required by Wis. Sat. § 971.08(l)(c) (2005-06). The pertinent portion of the statute provides that before accepting a plea of guilty or no contest, the court shall:
Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you *533 are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."
Wis. Stat. § 971.08(l)(c) (2005-06).
¶ 10. Romero-Georgana[1] s plea came more than four years after this court decided State v. Douangmala, 2002 WI 62, 253 Wis. 2d 173, 646 N.W.2d 1, a case in which this court emphasized the importance of the statutory requirement to advise the defendant about possible deportation as well as the statutory remedy of plea withdrawal. See Wis. Stat. § 971.08(2) (2005-06).
¶ 11. On January 19, 2007, Judge McKay sentenced Romero-Georgana to 12 years of initial confinement and four years of extended supervision. At the sentencing hearing, Attorney LaPlant stated: "We fully expect that as soon as he is released from custody, whenever that may be, that he will be deported back to Mexico. And he does want that to happen. He does want to return home as soon as he can."
¶ 12. Unfortunately, in sentencing RomeroGeorgana, the court failed to consider the sentencing guidelines on the record as was then required by Wis. Stat. § 973.017(2)(a) (2007-08). See State v. Grady; 2007 WI 81, 302 Wis. 2d 80, 734 N.W.2d 364. The remedy for failure to comply with § 973.017(2)(a) (2007-08) was resentencing.
¶ 13. After judgment of conviction was filed on January 23, 2007, Romero-Georgana filed a notice of intent to pursue postconviction relief, and he requested appointment of postconviction counsel. Assistant state public defender Suzanne Hagopian (Attorney Hagopian) was appointed to represent RomeroGeorgana in postconviction and appellate proceedings.
*534 ¶ 14. Several weeks later, on March 20, 2007, the U.S. Department of Justice Immigration and Naturalization Service (INS) sent an Immigration Detainer— Notice of Action form to Dodge Correctional Institution where Romero-Georgana was serving his sentence. The form advised the institution that INS had started an investigation to determine whether RomeroGeorgana was subject to deportation and required that INS be notified at least 30 days before RomeroGeorgana was released.
A. First Postconviction Motion and Appeal
¶ 15. On June 11, 2007, Attorney Hagopian filed a motion for extension of time to file a postconviction motion or notice of appeal. In the motion, Attorney Hagopian stated that she had met with RomeroGeorgana and, with the help of an interpreter, discussed two possible postconviction claims: one regarding the validity of the no-contest plea and the other for resentencing based on the court's failure to go through the sentencing guidelines on the record.
¶ 16. On July 20, 2007, Romero-Georgana filed a postconviction motion pursuant to Wis. Stat. § (Rule) 809.30(2)(h) (2007-08) seeking resentencing or sentence modification in the alternative. The postconviction motion alleged that the sentencing court failed to consider the relevant sentencing guidelines, as required under Wis. Stat. § 973.017(2)(a) (2007-08) and Grady, 302 Wis. 2d 80, which had been decided less than a month earlier. The motion did not mention any defect in the plea colloquy.
¶ 17. On August 23, 2007, the circuit court held a hearing and denied Romero-Georgana's postconviction motion. Attorney Hagopian filed a notice of appeal on August 29, 2007.
*535 ¶ 18. On April 22, 2008, the court of appeals issued an order reversing the judgment and remanding the case for resentencing because Judge McKay failed to consider the sentencing guidelines on the record. State v. Romero-Georgana, No. 2007AP2042-CR, unpublished order (Wis. Ct. App. Apr. 22, 2008). Soon after the court of appeals issued its decision, Attorney Hagopian sent Romero-Georgana a letter explaining the decision and informing him of his right to judicial substitution. Several weeks later, Attorney Hagopian spoke to Romero-Georgana on the phone and discussed judicial substitution. With the help of an interpreter, Attorney Hagopian told Romero-Georgana that he should discuss judicial substitution with the attorney who would represent him at resentencing.
¶ 19. Assistant state public defender William FitzGerald (Attorney FitzGerald) was appointed to represent Romero-Georgana at resentencing. Attorney FitzGerald received a letter from Romero-Georgana on May 29, 2008, stating that Romero-Georgana wanted to substitute his judge. On May 30, 2008, Attorney FitzGerald filed a motion requesting a judicial substitution. A judicial assignment order was filed on June 6, 2008, in which Brown County Circuit Judge Kendall M. Kelley was substituted for Judge McKay.
¶ 20. On October 1, 2008, Judge Kelley held a resentencing hearing, and, based in part on a recommendation in the presentence investigation, sentenced Romero-Georgana to 20 years of initial confinement and eight years of extended supervision. A revised judgment of conviction for first-degree sexual assault of a child under the age of 13 was filed on October 2, *536 2008. On the same day, Attorney FitzGerald filed Romero-Georgana's notice of intent to pursue postconviction relief.
B. Second Postconviction Motion and Appeal
¶ 21. Attorney Tajara S. Dommershausen (Attorney Dommershausen) represented Romero-Georgana in postconviction and appellate proceedings. On March 24, 2009, she filed a Wis. Stat. § 974.02 (2009-10)[4] postconviction motion on behalf of Romero-Georgana. The motion alleged that Attorney Hagopian had provided ineffective assistance of counsel for failing to inform Romero-Georgana that on resentencing, Judge McKay would not be able to increase his sentence (absent a new factor) but if Judge McKay were substituted, the new judge could impose a longer sentence without having to justify the increase in time. The postconviction motion did not allege that Attorney Hagopian was ineffective for failing to move for plea withdrawal.
¶ 22. On June 5, 2009, Judge Kelley held a hearing on the postconviction motion and determined that neither Attorney Hagopian nor Attorney FitzGerald was ineffective in advising Romero-Georgana *537 about judicial substitution. Judge Kelley issued a written order denying the postconviction motion on July 15, 2009. Attorney Dommershausen filed a notice of appeal on July 21, 2009.
*536 A motion for postconviction relief other than under s. 974.06 or 974.07(2) by the defendant in a criminal case shall be made in the time and manner provided in s. 809.30. An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04(3) and 809.30. An appeal of an order or judgment on habeas corpus remanding to custody a prisoner committed for trial under s. 970.03 shall be taken under ss. 808.03(2) and 809.50, with notice to the attorney general and the district attorney and opportunity for them to be heard.
*537 ¶ 23. On November 19, 2009, Attorney Dommershausen filed a notice of no-merit appeal pursuant to Wis. Stat. § (Rule) 809.30(2)(a) (2009-10), and she filed a no-merit report on March 2, 2010. After considering the no-merit report, the court of appeals affirmed the circuit court's judgment in a decision filed on September 9, 2010.
¶ 24. In its decision, the court of appeals mentioned that Romero-Georgana had filed a response[5] to Attorney Dommershausen's no-merit report in which he "raise [d] an issue regarding his initial no contest plea." The court of appeals limited its review to the resentencing issue and determined that because Romero-Georgana did not raise the issue relating to the no-contest plea in his initial appeal, he forfeited that claim. Romero-Georgana petitioned this court for review, which we denied in an order filed December 8, 2010.
C. Third Postconviction Motion and Appeal
¶ 25. On September 2, 2011, Romero-Georgana filed a pro se motion under Wis. Stat. § 974.06. In the § 974.06 motion, Romero-Georgana stated that he is a Mexican native and is not a citizen of the United States. He alleged that "[p]ostconviction counsel was ineffective for failing to raise the issue that the circuit court failed to comply with the statutory mandate *538 when it did not address Romero-Georgana personally to advise him in the words set forth in Wis. Stat. 971.08(l)(c) of the deportation consequences of his no contest plea. . . ." The § 974.06 motion alleged that when Romero-Georgana completed the plea questionnaire, he did not fully understand what he was signing because of his poor English, inadequate interpreters, and Attorney LaPlant's failure to advise him of the deportation risk. Romero-Georgana alleged that he would have pled not guilty had he known that he could be deported.
¶ 26. The Wis. Stat. § 974.06 motion also alleged that "[p]ostconviction counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel for failing to fully explain the deportation consequences of his no contest plea. . . ,"[6] RomeroGeorgana attached an Immigration Detainer — Notice of Action that indicated that an investigation had been initiated to determine whether Romero-Georgana was subject to deportation.
¶ 27. In a decision and order filed on December 22, 2011, Judge Kelley denied Romero-Georgana's § 974.06 motion. The circuit court concluded that the § 974.06 motion did not contain sufficient factual allegations to entitle Romero-Georgana to a hearing. The court stated: "Although Romero-Georgana's allegations of the ineffectiveness of trial counsel are relevant to the analysis, he limits his argument to what happened on the trial level. For the Court to analyze postconviction ineffectiveness, it needs facts pertaining to why postconviction counsel was ineffective." *539 Therefore, the court determined that RomeroGeorgana was not entitled to an evidentiary hearing.
¶ 28. On January 9, 2012, Romero-Georgana filed a notice of appeal from his judgments of conviction and from the order denying his § 974.06 motion. In a per curiam decision, the court of appeals affirmed the circuit court's order denying Romero-Georgana's § 974.06 motion without a hearing. State v. Romero-Georgana, No. 2012AP55, unpublished slip op., ¶ 1 (Wis. Ct. App. Mar. 19, 2013). The court of appeals determined that Romero-Georgana's § 974.06 motion contained only bare-bones assertions and did not demonstrate why the plea withdrawal claim was clearly stronger than the claims raised by Attorney Hagopian.[7] Id., ¶¶ 5-6. Furthermore, the court concluded that Romero-Georgana's § 974.06 motion did not explain why the Escalona-Naranjo bar against successive postconviction motions did not apply. Id., ¶ 7.
¶ 29. Romero-Georgana petitioned this court for review, which we granted on December 19, 2013.
II. STANDARD OF REVIEW
| 30. Whether a Wis. Stat. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to de novo review. State v. Kletzien, 2011 WI App 22, ¶¶ 9, 16, 331 Wis. 2d 640, 794 N.W.2d 920. Similarly, whether a *540 § 974.06 motion alleges sufficient facts to require a hearing is a question of law that this court reviews de novo. State v. Balliette, 2011 WI 79, ¶ 18, 336 Wis. 2d 358, 805 N.W.2d 334. If the motion does allege sufficient facts, "the circuit court must hold an evidentiary hearing." State v. John Allen, 2004 WI 106, ¶ 9, 274 Wis. 2d 568, 682 N.W.2d 433 (citations omitted). "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." Id. (citations omitted). We review the circuit court's discretionary decision to grant or deny a hearing under the erroneous exercise of discretion standard. Id.
III. DISCUSSION
¶ 31. Much of this court's time is devoted to cases involving postconviction claims that are filed after a defendant's appeal is over. These claims require the court to apply fundamental principles of postconviction review, including the principle that finality is important in the criminal justice system. Accordingly, not every mistake will justify relief.
¶ 32. Wisconsin Stat. § 974.06 "was 'designed to replace habeas corpus as the primary method in which a defendant can attack his conviction after the time for appeal has expired.'" Escalona-Naranjo, 185 Wis. 2d at 176 (quoting Howard B. Eisenberg, Post-Conviction Remedies in the 1970's, 56 Marq. L. Rev. 69, 79 (1972)). Section 974.06 provides a mechanism for correcting errors when: (1) the sentence violated the United *541 States or Wisconsin Constitution; (2) the court lacked jurisdiction to impose the sentence; or (3) the sentence exceeded the maximum or was "otherwise subject to collateral attack." Wis. Stat. § 974.06(1); see Balliette, 336 Wis. 2d 358, ¶ 34. A defendant may file a § 974.06 motion at any time "[a]fter the time for appeal or postconviction remedy provided in s. 974.02 has expired." Wis. Stat. § 974.06(l)-(2). However, the following caveat applies:
All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.
Wis. Stat. § 974.06(4) (emphasis added).
¶ 33. Wisconsin Stat. § 974.06(4) promotes finality and efficiency by requiring defendants to bring all available claims in a single proceeding unless there exists a sufficient reason for not raising some claims in that initial proceeding. Escalona-Naranjo, 185 Wis. 2d at 185-86; see State v. Aaron Allen, 2010 WI 89, ¶ 40, 328 Wis. 2d 1, 786 N.W.2d 124 (citation omitted) ("The purpose behind Wis. Stat. § 974.06 is to avoid successive motions for relief by requiring a defendant to raise all grounds for relief in one motion.").
*542 ¶ 34. Thus, without a sufficient reason, a movant may not bring a claim in a § 974.06 motion if it "could have been raised in a previously filed sec. 974.02 motion and/or on direct appeal." See Escalona-Naranjo, 185 Wis. 2d at 173.
¶ 35. A defendant need not provide a "sufficient reason" for a claim cognizable under Wis. Stat. § 974.06 if the defendant did not file a motion under Wis. Stat. § 974.02 or a direct appeal. State v. Lo, 2003 WI 107, ¶ 44 n.11, 264 Wis. 2d 1, 665 N.W.2d 756; Loop v. State, 65 Wis. 2d 499, 222 N.W.2d 694 (1974). But if the defendant did file a motion under § 974.02 or a direct appeal or a previous motion under § 974.06, the defendant is barred from making a claim that could have been raised previously unless he shows a sufficient reason for not making the claim earlier. Lo, 264 Wis. 2d 1, ¶ 44.
¶ 36. In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal. Aaron Allen, 328 Wis. 2d 1, ¶ 85; see Balliette, 336 Wis. 2d 358, ¶ 62. If the defendant sufficiently alleges ineffective assistance of postconviction counsel as the reason for failing to raise an issue earlier, "[t]he trial court can perform the necessary factfinding function and directly rule on the sufficiency of the reason." Aaron Allen, 328 Wis. 2d 1, ¶ 85 (brackets in original) (quoting State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996)). Conversely, if the defendant fails to allege why and how his postconviction counsel was constitutionally ineffective — that is, if the defendant *543 asserts a mere conclusory allegation that his counsel was ineffective — his "reason" is not sufficient.
¶ 37. To move beyond the initial prerequisites of Wis. Stat. § 974.06(4) and Escalona-Naranjo, and to adequately raise a claim for relief, a defendant must allege "sufficient material facts — e.g., who, what, where, when, why, and how — that, if true, would entitle [the defendant] to the relief he seeks." John Allen, 274 Wis. 2d 568, ¶ 2; see Balliette, 336 Wis. 2d 358, ¶¶ 58-60; State v. Bentley, 201 Wis. 2d 303, 314-18, 548 N.W.2d 50 (1996). If he does so, the defendant is normally entitled to an evidentiary hearing.
¶ 38. In sum, because Romero-Georgana's § 974.06 motion alleges that his postconviction counsel provided ineffective assistance, he must allege facts that support every facet of his claim and that, if true, would entitle him to relief.
A. Ineffective Assistance of Postconviction Counsel
¶ 39. The Sixth and Fourteenth Amendments to the United States Constitution guarantee criminal defendants the right to effective assistance of counsel. Balliette, 336 Wis. 2d 358, ¶ 21. To state a claim for ineffective assistance of counsel, the defendant must demonstrate: (1) that his counsel's performance was deficient; and (2) that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984).
¶ 40. To prove deficiency, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. The de *544 fendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.
¶ 41. To prove prejudice, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. The prejudice inquiry asks whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.[8]
¶ 42. Romero-Georgana's motion alleges that he received ineffective assistance of postconviction counsel because postconviction counsel failed to bring a claim that Romero-Georgana now wishes to assert. This allegation is different from an allegation that postconviction counsel did not comply with the defendant's requests or instructions after trial or that post-conviction counsel failed to bring any claims at all. Romero-Georgana acknowledges that his postconviction counsel brought claims; he contends now that postconviction counsel brought the wrong claims.
¶ 43. An allegation that postconviction counsel failed to bring a claim that should have been brought is an allegation that counsel's performance was constitutionally deficient, that it fell below the services required by an objective standard of reasonableness *545 under prevailing professional norms. Strickland, 466 U.S. at 687-88. How does a reviewing court evaluate such an allegation?
¶ 44. In Starks, 349 Wis. 2d 274, the court faced a situation in which postconviction counsel failed to file any post-trial motions, including a Wis. Stat. § 974.02 motion, in the circuit court but made numerous arguments on appeal. Id., ¶ 4. When postconviction counsel's performance was subsequently attacked, this court disregarded counsel's nonperformance in the circuit court and instead evaluated his performance as "appellate counsel." Id.
f 45. Starks adopted a "clearly stronger" standard in evaluating the performance of "appellate counsel." Id., ¶ 6. That is, the court adopted the "clearly stronger" pleading standard for the deficiency prong of the Strickland test in Wisconsin for criminal defendants alleging in a habeas petition that they received ineffective assistance of appellate counsel due to counsel's failure to raise an issue. Stated differently, the court said that "the defendant must show that 'a particular nonfrivolous issue was clearly stronger than issues that counsel did present.'" Id., ¶ 59 (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)); see Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.").
¶ 46. We think this "clearly stronger" standard is equally appropriate in evaluating the alleged deficiency in an attorney's performance as postconviction counsel when postconviction counsel is accused of ineffective assistance on account of his failure to raise certain material issues before the circuit court. The *546 "clearly stronger" standard is appropriate when post-conviction counsel raised other issues before the circuit court, thereby making it possible to compare the arguments now proposed against the arguments previously made. However, the clearly stronger standard may not be adequate when counsel has valid reasons for choosing one set of arguments over another. These reasons may include the preferences, even the directives, of the defendant.
¶ 47. Turning to Romero-Georgana's § 974.06 motion, we first consider whether Romero-Georgana provided a sufficient reason for failing to bring his claims in his earlier postconviction motions. See Escalona-Naranjo, 185 Wis. 2d at 181-85. We then consider the allegations of ineffective assistance of postconviction counsel to determine whether RomeroGeorgana has alleged sufficient facts that, if true, would entitle him to relief.
B. Sufficient Reason
¶ 48. Romero-Georgana acknowledges that he must allege a sufficient reason for failing to raise his § 974.06 claim earlier. He correctly states that ineffective assistance of counsel may, in some cases, provide the requisite sufficient reason. From there, however, his argument veers off course. Romero-Georgana implies that his § 974.06 motion alleges a sufficient reason for failing to bring the claims earlier because the motion alleges that his postconviction counsel (Attorney Hagopian)[9] was ineffective in failing to raise *547 a claim for plea withdrawal pursuant to Wis. Stat. § 971.08(2). At this point, Romero-Georgana focuses on the wrong attorney.
¶ 49. There were three postconviction motions in this case: (1) a postconviction motion filed pursuant to Wis. Stat. § (Rule) 809.30(2)(h) (2007-08) by Attorney Hagopian; (2) a Wis. Stat. § 974.02 (2009-10) motion filed by Attorney Dommershausen; and (3) a § 974.06 motion filed pro se by Romero-Georgana.
¶ 50. Attorney Hagopian's alleged ineffective assistance in filing the first postconviction motion might have been a sufficient reason for failing to bring the plea withdrawal claim. It might not. In any event, although Attorney Hagopian's alleged ineffective assistance is an underlying claim in the present Wis. Stat. § 974.06 motion, it does not explain or provide a sufficient reason for Attorney Dommershausen's failure in the second postconviction motion to argue that Attorney Hagopian was ineffective for failing to seek plea withdrawal in the first postconviction motion.
¶ 51. These are not onerous demands. RomeroGeorgana was required to allege two instances of ineffective assistance of postconviction counsel because his attorneys filed two prior postconviction motions that did not raise the issue now presented.[10] *548 Moreover, the Brown County Circuit Court granted Romero-Georgana two evidentiary hearings on these motions — and he was present at both hearings — but the issue now presented was never brought up. In sum, Romero-Georgana was required to allege — in his third postconviction motion — that (1) Attorney Dommershausen was constitutionally ineffective in the second postconviction motion for failing to raise a claim about Attorney Hagopian's ineffectiveness for failing to bring a plea withdrawal claim in the first postconviction motion; and (2) Attorney Hagopian was constitutionally ineffective in the first postconviction motion for failing to raise the plea withdrawal claim.
¶ 52. The first required allegations (against Attorney Dommershausen), if properly pleaded, might provide the requisite sufficient reason for failing to bring the claim earlier. The second required allegations (against Attorney Hagopian), if properly pleaded, might provide grounds for relief. However, the required allegations have not been properly pleaded. The single statement in Romero-Georgana's present § 974.06 motion that "[pjostconviction counsel was ineffective for failing to raise the issue that the circuit court failed to comply with the statutory mandate when it did not address Romero-Georgana personally to advise him in the words set forth in Wis. Stat. *549 971.08(l)(c) of the deportation consequences of his no contest plea ..." is ambiguous and plainly deficient because it refers to only one attorney ("Postconviction counsel was") and does not even identify that attorney. Moreover, the statement is conclusory inasmuch as both attorneys made other arguments.
¶ 53. When a defendant has two attorneys that share the classification of "postconviction counsel," a general reference to "postconviction counsel" is not enough. Romero-Georgana's third postconviction motion was bound to fail if it did not allege and explain why his second postconviction motion did not make the claim he now seeks to make. Attorney Dommershausen is simply not mentioned. Since the § 974.06 motion does not offer a sufficient reason for failing to bring the current claim in the second postconviction motion, Romero-Georgana's motion is barred under § 974.06(4) and Escalona-Naranjo.
¶ 54. Having concluded that Romero-Georgana is barred from raising his current claims, we need not go any further. However, we will discuss briefly the insufficiency of Romero-Georgana's § 974.06 motion to provide guidance for future movants.
C. Sufficiency of Romero-Georgana's Allegations of Ineffective Assistance of Postconviction Counsel
¶ 55. Romero-Georgana faced an unusually complicated situation when he filed the third postconviction motion. His objective was to withdraw his plea of no contest and vacate the judgment against him on grounds that the circuit court made an error in the plea colloquy and that he is likely to be deported because of his conviction. This would have been a *550 simple Bangert[11]-type motion if it had been filed shortly after Romero-Georgana's sentencing in January 2007. When he filed his pro se motion on September 2, 2011, however, he was required to justify the delay in making his claim. In this case, the strongest potential justification appears to be the alleged ineffective assistance of Attorney Dommershausen for failing to complain about the alleged ineffective assistance of Attorney Hagopian in raising Romero-Georgana's statutory right to withdraw his plea.
¶ 56. Because Romero-Georgana's claim is one of ineffective assistance of counsel, he was required to sufficiently allege that each attorney provided deficient representation and that each attorney's deficient performance prejudiced him. Strickland, 466 U.S. at 687.
¶ 57. In making his ineffective assistance of counsel claims,[12] Romero-Georgana had some difficult facts to overcome. First, as part of the plea deal, the State agreed not to bring additional charges against Romero-Georgana even though the complaint suggested that there were numerous occasions in which he committed sexual offenses against the victim. Thus, if Romero-Georgana had gone to trial after successful plea withdrawal, the State would have been free to *551 bring additional charges. Second, Romero-Georgana's trial counsel stated at the initial sentencing that Romero-Georgana was eager to be deported, which conflicts with Romero-Georgana's current contention that he would not have entered a plea if he knew it could lead to deportation. Third, Attorney Hagopian said in a motion to the court that she discussed a potential claim regarding the validity of the no-contest plea, which suggests that she talked to RomeroGeorgana about seeking plea withdrawal. Finally, Attorney Hagopian gave a valid reason for bringing the resentencing claim when she stated at the evidentiary hearing for the second postconviction motion that she thought, based on the sentencing guidelines, RomeroGeorgana would receive a shorter sentence at resentencing. In light of this factual backdrop, we turn to the motion to assess its sufficiency.
1. Deficient Performance
¶ 58. The clearly stronger standard applies to the deficiency prong of each required allegation of ineffective assistance of counsel in this case. Thus, to demonstrate that Attorney Hagopian's representation was deficient, Romero-Georgana was required to show that the plea withdrawal claim was clearly stronger than the resentencing claim. See Starks, 349 Wis. 2d 274, ¶ 59. He was required do so by alleging "sufficient material facts — e.g., who, what, where, when, why, and how — that, if true, would entitle him to the relief he seeks." John Allen, 274 Wis. 2d 568, ¶ 2. The five "w's" and one "h" sometimes run together, but a sufficient motion will answer all six questions.
¶ 59. Romero-Georgana has failed to allege "who" his claim is about because his assertion ambigu *552 ously refers to a single "[p]ostconviction counsel." Although the motion indicates that Attorneys Hagopian and Dommershausen did represent Romero-Georgana, it does not specify whose conduct is at issue. Instead, the motion focuses on the wrong stage of the proceeding and discusses facts regarding trial counsel's alleged ineffectiveness. If Romero-Georgana wanted to make allegations against Attorney Hagopian, he should have done so specifically in his motion by stating that "Attorney Hagopian was ineffective" rather than ambiguously claiming that "[p]ostconviction counsel was ineffective . . . ." As the motion is written, it does not sufficiently state "who" provided ineffective assistance.
¶ 60. The § 974.06 motion does allege broadly "what" conduct provides the basis for the ineffective assistance claim when it states, "Postconviction counsel was ineffective for failing to raise the issue that the circuit court failed to comply with the statutory mandate when it did not address Romero-Georgana personally to advise him ... of the deportation consequences of his no contest plea." However, it does not tell the court what Attorney Hagopian did that made her failure to raise the plea withdrawal claim ineffective. Did she act contrary to his directive? Did she fail to advise him?
¶ 61. Furthermore, Romero-Georgana's § 974.06 motion does not sufficiently allege "where" or "when" the ineffective assistance occurred. It is unclear whether his allegations focus on the first postconviction proceeding or the second.
¶ 62. Similarly, the motion does not say "why" Attorney Hagopian was ineffective. The mere fact that Attorney Hagopian did not pursue a plea withdrawal *553 claim does not demonstrate ineffectiveness because she could have had, and presumably did have, good reasons for not pursuing plea withdrawal. For example, Romero-Georgana could have told her to bring a claim for resentencing after Attorney Hagopian advised him of his options. Or, as the record suggests, Romero-Georgana might have wanted to be deported, and Attorney Hagopian believed he would receive less time on resentencing. We will not assume ineffective assistance from a conclusory assertion; RomeroGeorgana must say why the claim he wanted raised was clearly stronger than the claims actually raised. His motion is devoid of any such explanation.
¶ 63. Finally, because Romero-Georgana's motion contains only conclusory allegations and almost no facts relating to the relevant postconviction counsel, he has not demonstrated "how" he would prove his claims at an evidentiary hearing. Does he have copies or records of communications with his postconviction counsel to support his claim? Who would testify on his behalf? Blanket assertions of ineffective assistance are not sufficient to alert the court or opposing counsel how the defendant will prove his claim at a hearing, especially when the record contains facts that refute the crux of the defendant's argument.
¶ 64. In sum, defendants must allege sufficient facts in their § 974.06 motions so that reviewing courts do not grant frivolous hearings. We will not read into the § 974.06 motion allegations that are not within the four corners of the motion. Therefore, RomeroGeorgana has failed to sufficiently allege that Attorney Hagopian was deficient.
¶ 65. Because we have determined that the § 974.06 motion does not allege sufficient facts to *554 demonstrate that postconviction counsel was deficient, we do not need to consider whether the motion sufficiently alleged prejudice. However, we consider prejudice briefly to provide guidance for future movants.
2. Prejudice
¶ 66. To demonstrate prejudice, RomeroGeorgana's motion must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Romero-Georgana alleges in his § 974.06 motion that postconviction counsel was ineffective for failing to argue that the circuit court did not comply with Wis. Stat. § 971.08(1)(c) (2005-06) at the plea hearing. The plea hearing transcript is clear that the circuit court failed to advise Romero-Georgana of the deportation risk as required by Wis. Stat. § 971.08. Thus, RomeroGeorgana likely could have withdrawn his plea if he had timely brought a § 971.08(2) motion.[13]
*555 ¶ 67. However, the motion at issue is not a Wis. Stat. § 971.08(2) motion. In fact, at oral argument, Romero-Georgana's counsel explicitly stated that Romero-Georgana was arguing this case as a Wis. Stat. § 974.06 motion. Counsel said, "This court's order granting review specifically asked us to stay within the arguments made in the petition for review, and that did not include an argument that this case should be decided as a 971.08(2) motion by itself."[14] Therefore, *556 because Romero-Georgana never brought a Wis. Stat. § 971.08(2) motion or argued for plea withdrawal in *557 previous postconviction motions, he must attempt to resuscitate that claim in the present Wis. Stat. § 974.06 motion.
¶ 68. A proper allegation of prejudice would state that Romero-Georgana would have told Attorney Hagopian to pursue the plea withdrawal claim if she had advised him that it was an option because he wanted to avoid deportation. That allegation would demonstrate that there is a reasonable probability that the proceedings would have been different if Attorney Hagopian had provided effective assistance of counsel. In the absence of that allegation, the § 974.06 motion alleges only that Romero-Georgana would not have pled had Attorney LaPlant informed him of the deportation consequences of his plea. Thus, the prejudice allegation is at the wrong stage of the proceeding. This is a subtle point, and we might have given RomeroGeorgana, a pro se defendant, the benefit of the doubt had the rest of his § 974.06 motion been adequate. Because he did not allege a sufficient reason for raising his current claim earlier and because he did not sufficiently allege Attorney Hagopian's deficient performance, we do not need to determine whether he was prejudiced.
¶ 69. Although we liberally construe filings by pro se litigants, bin-Rilla v. Israel, 113 Wis. 2d 514, 520, 335 N.W.2d 384 (1983), there is a limit to our lenience. A reviewing court might avert its eyes from the flaws on the peripheries, but it will not ignore obvious insufficiencies at the center of a motion. Romero-Georgana has failed to sufficiently allege that Attorney Dommershausen was ineffective for failing to raise the ineffectiveness of Attorney Hagopian in the second postconviction motion. He has failed to suffi *558 ciently allege that Attorney Hagopian was ineffective for failing to raise the issue of plea withdrawal in the first postconviction motion.
¶ 70. When proceedings arrive at the Wis. Stat. § 974.06 stage, the defendant's case has been heard; he has been represented by counsel; sometimes he has filed previous postconviction motions. He has progressed through proceedings designed to facilitate justice and finality. Thus, any claim of error must point particularly to the facts surrounding the alleged constitutional or jurisdictional flaws that supposedly vitiated the goals of the judicial system. RomeroGeorgana's § 974.06 motion falls far short of what is required.
D. Circuit Court's Exercise of Discretion
¶ 71. Because Romero-Georgana's motion is barred under Escalona-Naranjo and Wis. Stat. § 974.06(4) and because he has failed to sufficiently allege facts that, if true, would entitle him to relief, the circuit court's decision to deny Romero-Georgana's § 974.06 motion without a hearing was not an erroneous exercise of discretion.
IV. CONCLUSION
¶ 72. We conclude the following.
¶ 73. First, a defendant who alleges in a § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought. See Starks, 349 Wis. 2d 274, ¶ 6. However, in evaluating the comparative strength of the *559 claims, reviewing courts should consider any objectives or preferences that the defendant conveyed to his attorney. A claim's strength may be bolstered if a defendant directed his attorney to pursue it.
¶ 74. Second, the defendant has not offered a sufficient reason for failing to raise his § 974.06 claim in his second postconviction motion. Without a sufficient reason, a defendant may not bring a claim in a § 974.06 motion if that claim "could have been raised in a previously filed sec. 974.02 motion and/or on direct appeal." Escalona-Naranjo, 185 Wis. 2d at 173. Consequently, the defendant's claim is barred.
¶ 75. Third, even if the § 974.06 motion were not barred, the motion does not allege sufficient facts that, if true, would entitle the defendant to relief. The defendant failed to allege that the plea withdrawal claim was clearly stronger than the resentencing claim. He does not specifically state which postconviction attorney was ineffective and instead makes an ambiguous reference to "postconviction counsel." The motion then focuses almost exclusively on trial counsel and does not provide facts regarding postconviction counsel's performance. Consequently, the defendant's motion falls far short of what is required, and the circuit court properly determined that he is not entitled to an evidentiary hearing.
By the Court. — The decision of the court of appeals is affirmed.

 State v. Romero-Georgana, No. 2012AP55, unpublished slip op. (Wis. Ct. App. Mar. 19, 2013).

 All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

 There was an interpreter assisting at the arraignment.

 Wisconsin Stat. § 974.02(1) (2009-10) states:

 Romero-Georgana's response to Attorney Dommershausen's no-merit report is not in the record.

 Romero-Georgana concedes in his brief that he cannot prevail on this claim and has therefore abandoned it.

 The court of appeals did not address the appeals of the judgments of conviction and stated, "Because an appeal from an order under Wis. Stat. § 974.06 is not governed by Wis. Stat. [§ (Rule)] 809.30, the judgment of conviction is not the subject of this appeal." State v. Romero-Georgana, No. 2012AP55, unpublished slip op., ¶ 1 n.l (Wis. Ct. App. Mar. 19, 2013).

 The Strickland analysis and the presumption of effective assistance apply to postconviction counsel. State v. Balliette, 2011 WI 79, ¶ 28, 336 Wis. 2d 358, 805 N.W.2d 334.

 Romero-Georgana's Wis. Stat. § 974.06 motion does not specify which of his two postconviction attorneys provided ineffective assistance. Thus, we are uncertain as to where we *547 should direct our analysis — a good indication that the motion contains fatal flaws. Because Romero-Georgana's brief focuses on Attorney Hagopian, we assume, for the purpose of addressing Romero-Georgana's arguments, that he intended to allege in his § 974.06 motion that Attorney Hagopian provided ineffective assistance of counsel as the underlying claim. However, in our analysis of the motion itself, we note that the reference to "postconviction counsel" is ambiguous and renders his motion insufficient.

 Romero-Georgana must provide a sufficient reason for failing to bring the claims he now wishes to raise in an earlier *548 postconviction proceeding. Because he offers no reason, and the only claims in his § 974.06 motion are for ineffective assistance of counsel, we assume that if he were to offer a sufficient reason, it would be Attorney Dommershausen's alleged ineffective assistance. It is possible that he had other reasons, but none were advanced. Thus, when we say RomeroGeorgana was required to allege ineffective assistance of Attorney Dommershausen as a sufficient reason for failing to bring his claims earlier, we say that because we can see no other reason for failing to bring the present claim earlier.

 State v. Bangert, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

 Although our analysis in this section focuses on the sufficiency of the underlying ineffective assistance of counsel claim against Attorney Hagopian, it applies also to the sufficient reason requirement. As discussed above, because Romero-Georgana did not offer any reason for failing to bring his present claim in his second postconviction motion, he did not adequately provide a sufficient reason for raising his claim of ineffective assistance of postconviction counsel in a § 974.06 motion.

 Wisconsin Stat. § 971.08(2) provides in relevant part:
If a court fails to advise a defendant as required by sub. (l)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea.
In his brief, Romero-Georgana discusses the standards for pleading under Wis. Stat. § 971.08(2) at length. However, because this case falls under Wis. Stat. § 974.06, the plea withdrawal claim under Wis. Stat. § 971.08 is relevant only to the question of prejudice in the context of Romero-Georgana's ineffective assistance claim against Attorney Hagopian. The State responded to Romero-Georgana's argument relating to § 971.08 by stating that "a response by the State to — and this *555 court's consideration of — Argument section I of RomeroGeorgana's brief is unnecessary. Had Romero-Georgana pursued a Wis. Stat. § 971.08(2) claim in a timely manner, he might well have prevailed on it."

 Justice Bradley asked at oral argument, "Why does 971.08(2) have to be a 974.06 motion at all?" RomeroGeorgana's counsel responded:
I believe that it could have been raised as a straight 971.08(2) motion. As this court knows we were appointed . .. after the petition for review was filed and the case had been decided up to that point under 974.06 and we believe that our client is entitled to relief on that basis, and so that's how we've construed the motion and argued it.
Chief Justice Abrahamson continued Justice Bradley's line of questioning and suggested that Romero-Georgana could have pursued an argument based on Wis. Stat. § 971.08. The Chief Justice then asked, "But you didn't take that position?" Romero-Georgana's counsel responded, "It's true your honor. We did not." Thus, despite being prodded at oral argument, Romero-Georgana was clear: he is not asking this court to construe his Wis. Stat. § 974.06 motion as a Wis. Stat. § 971.08(2) motion. Indeed, such a request would appear improper under the facts of this case and in light of the history of § 971.08(2). In the 1981-82 version of the Wisconsin Statutes, § 971.08(2) contained a time limit that stated, "The court shall not permit the withdrawal of a plea of guilty or no contest later than 120 days after conviction." Wis. Stat. § 971.08(2) (1981-82). The 120-day time limit was repealed in 1983 Wis. Act 219. A judicial council note explained:
*556 Section 971.08(2), stats., providing a 120-day time limit for withdrawing a guilty plea or a plea of no contest after conviction, is repealed as unnecessary. Withdrawal of a guilty plea or plea of no contest may be sought by postconviction motion under s. 809.30(1X0, stats., or under s. 974.06, stats.
Judicial Council Note, 1983 Wis. Act 219, § 43. The Judicial Council Note suggests that, in general, the proper method for raising § 971.08 plea withdrawal claims after conviction is through a motion under Wis. Stat. § (Rule) 809.30, Wis. Stat. § 974.02, or Wis. Stat. § 974.06.
In the present case, the notice that INS had started an investigation to determine whether Romero-Georgana was subject to deportation was dated March 20, 2007 — four months before Attorney Hagopian filed the first postconviction motion. In addition, the petitioner's brief demonstrates that Romero-Georgana's Final Administrative Removal Order from the Department of Homeland Security was dated October 22, 2007, and he appears to have received it on November 5, 2007 — -almost a year and a half before he filed his second postconviction motion. When a defendant has notice that he is likely to be deported and subsequently brings postconviction claims unrelated to Wis. Stat. § 971.08(2), we think it would be unwise to allow him to bring his claim as a § 971.08(2) motion at a later time, although he may be able to bring his claim as a Wis. Stat. § 974.06 motion if he has a sufficient reason for the delay. Removing all time constraints on a Wis. Stat. § 971.08(2) motion would frustrate judicial efficiency by encouraging defendants to delay bringing those motions. In the absence of a time limit, if a defendant were indifferent to deportation or wanted to be deported, the defendant would have incentive to keep a § 971.08(2) motion in his back pocket while pursuing relief on other grounds. However, that issue is not before us. In this case, we need only address Romero-Georgana's motion under Wis. Stat. § 974.06 because that is the motion he brought.

 Wisconsin's non-citizens include people who have lawful permanent resident status (a "green card"), refugees and asylees and certain legal nonimmigrants (including those on student, work, or some other temporary visas). In addition, as of 2010, Wisconsin is home to an estimated 100,000 undocumented immigrants. Jeffrey S. Passel & D'Vera Cohn, "Unauthorized Immigrant Population: National and State Trends, 2010" (Feb. 1, 2011), available at http://www.pewhispanic.org/files/reports/133.pdf.