BRASH, J.
¶ 1 Rafeal Newson appeals the decision and order of the circuit court denying his third postconviction motion pursuant to WIS. STAT. § 974.06 (2015-16)[1] for his conviction of first-degree intentional homicide, on the grounds that it was procedurally barred.
¶ 2 Newson raises a number of issues on appeal relating to his extradition from Arizona to face the homicide charge in Wisconsin. Specifically, he challenges whether the circuit court had jurisdiction over his case due to irregularities in the way that his case was commenced; whether his trial counsel and previous postconviction counsel were ineffective for not raising issues relating to the validity of his extradition; and whether the circuit court erred in deeming his motion procedurally barred with these underlying issues unresolved.
¶ 3 Because we agree that Newson's claims are procedurally barred, we affirm.
BACKGROUND
¶ 4 This matter began in Wisconsin with the shooting death of Terrance Maclin in November 1996. On December 6, 1996, a complaint charging Newson with first-degree intentional homicide, as well as a felony warrant and authorization for extradition, were executed.
¶ 5 As it turned out, Newson had fled to Arizona and was living under the alias Marquis Johnson. In March 1999, Newson was indicted on an unrelated crime in Arizona; he was convicted and sentenced to nineteen and one-half years in prison there.
¶ 6 In the meantime, extradition proceedings were commenced in Wisconsin. Extradition was granted in July 2000, and Newson was transferred to Wisconsin in August 2000. A jury trial was held in March 2001, and Newson was found guilty. He was sentenced to life imprisonment with a parole eligibility date set for January 1, 2050. That sentence was to be served consecutively to the sentence Newson had received in Arizona. Newson was then transferred back to Arizona to complete his sentence there.
¶ 7 Newson sought postconviction relief for his conviction in Wisconsin from prison in Arizona. First, he filed a direct appeal in April 2002, challenging the admission at trial of the hearsay statements of a witness who had refused to testify. See State v. Newson , No. 2002AP959-CR, unpublished op. and order at 1 (WI App Sept. 22, 2003). We summarily affirmed the circuit court. See id.
¶ 8 Subsequently, in July 2004, Newson filed a pro se postconviction motion under WIS. STAT. § 974.06, claiming ineffective assistance of counsel by both his trial counsel and postconviction counsel for his direct appeal. His ineffective assistance claims against his trial counsel included failing to challenge Newson's confession to police, failing to call alibi witnesses, failing to challenge statements made by the prosecutor during closing arguments, and failing to object when the circuit court allowed certain exhibits to be given to the jury during deliberations. Newson's claim against his appellate counsel was that, among other things, appellate counsel failed to raise these issues on direct appeal. The circuit court denied the motion without a hearing, finding that the record conclusively showed that Newson was not entitled to relief. We affirmed. See State v. Newson , No. 2004AP2988, unpublished slip op. ¶ 3 (WI App Sept. 20, 2005).
¶ 9 Newson submitted another pro se postconviction motion under WIS. STAT. § 974.06 from his Arizona prison cell in August 2010. In this motion, Newson again claimed ineffective assistance of trial counsel, this time for counsel's failure to challenge the circuit court's jurisdiction on grounds that the criminal complaint was defective: the record indicates that the complaint was not filed until August 29, 2000-after Newson had already been extradited to Wisconsin-instead of when it was originally executed in 1996. Newson argued that this "defect" resulted in the circuit court lacking jurisdiction to have him extradited for trial in Wisconsin.[2]
¶ 10 The circuit court determined that Newson's motion was barred pursuant to State v. Escalona-Naranjo , 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). The holding in Escalona established that a defendant who fails to raise a constitutional challenge on direct appeal or other postconviction motion cannot later argue that issue in a WIS. STAT. § 974.06 motion absent a sufficient reason for not raising it in previous motions. Escalona-Naranjo , 185 Wis. 2d at 185. Newson initially appealed the circuit court's order denying his motion but later filed a notice for voluntary dismissal; thus, that appeal was dismissed in July 2011.
¶ 11 Instead, Newson requested that this court review the arguments of his 2010 postconviction motion as a petition for a writ of habeas corpus. We granted his request, and denied his petition. See Newson v. Circuit Court for Milwaukee Cty. , No. 2011AP1569-W, unpublished op. and order at 2 (WI App July 27, 2012). Our reasoning was that Newson had not explained why he had not raised the jurisdictional challenge in his previous WIS. STAT. § 974.06 motion submitted in 2004. Newson , No. 2011AP1569-W at 3. We therefore determined that Newson had not demonstrated that there was no other adequate remedy available, as required for a writ of habeas corpus to be issued. Id. at 4.
¶ 12 Newson was released from prison in Arizona in July 2016 and remanded to the custody of the Wisconsin Department of Corrections to serve his sentence here. He subsequently filed-again, pro se -a third WIS. STAT. § 974.06 motion in February 2017, which is the subject of this appeal. In that motion, he again challenged the circuit court's jurisdiction in this matter due to the allegedly defective complaint. He further argued that his motion should not be barred because when he filed the previous § 974.06 motions, he was in custody in Arizona as opposed to Wisconsin, and therefore Wisconsin courts did not have jurisdiction over his previous postconviction motions at the time they were decided. Furthermore, Newson argued that he did not have access to Wisconsin law materials when he was preparing those prior postconviction motions. The circuit court again rejected Newson's arguments on grounds that his motion is barred by Escalona . This appeal follows.[3]
DISCUSSION
¶ 13 As this is Newson's third WIS. STAT. § 974.06 motion and fourth appeal overall, we begin by restating the well-established law relating to multiple postconviction motions, as set forth in Escalona : a defendant may not bring a constitutional challenge under § 974.06 if that claim could have been raised in a prior postconviction motion or direct appeal without providing a "sufficient reason" for not doing so. Escalona , 185 Wis. 2d at 185 (emphasis omitted). The policy reason for this rule is the need for "finality in our litigation." Id. " Section 974.06(4) compels a prisoner to raise all grounds regarding postconviction relief in his or her original, supplemental or amended motion," and "[s]uccessive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." Id. "Whether a [ ] § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to de novo review." State v. Romero-Georgana , 2014 WI 83, ¶ 30, 360 Wis. 2d 522, 849 N.W.2d 668 (italics added).
¶ 14 Newson's current appeal alleges ineffective assistance of both trial and postconviction counsel for not raising the argument that the failure to file the complaint prior to his extradition from Arizona is a fatal procedural flaw that left the circuit court without jurisdiction, and renders the judgment against him invalid. This is the same argument he made in his 2010 WIS. STAT. § 974.06 motion. He asserts that prior to filing his current § 974.06 motion, he did not have access to Wisconsin law, including that statute and the Escalona decision, and thus could not have known that his 2010 motion would be denied due to that procedural bar. He contends that this is a sufficient reason for not raising his jurisdictional claims in his 2004 § 974.06 motion, and therefore his current postconviction motion is not procedurally barred.
¶ 15 However, the lack of access to Wisconsin law and being unaware of the requirements of WIS. STAT. § 974.06 and Escalona do not provide an adequate explanation as to why Newson did not include the jurisdictional claim in his 2004 motion. Put another way, why would a lack of knowledge about Wisconsin's procedural bar have kept Newson from including the jurisdictional argument in his 2004 motion? Newson fails to answer this question, and we in fact pointed out this deficiency in our denial of Newson's petition for a writ of habeas corpus.[4] See Newson , No. 2011AP1569-W, at 3.
¶ 16 Therefore, we conclude that because Newson has failed to provide a sufficient reason for not raising his jurisdictional claim in his 2004 WIS. STAT. § 974.06 motion, this claim is procedurally barred. See § 974.06(4) ; Escalona , 185 Wis. 2d at 185.
¶ 17 Newson also argues that the procedural bar of Escalona should not apply to him because he was still in custody in Arizona at the time his direct appeal and first two postconviction motions were heard. We disagree. As the circuit court pointed out, there is no language in WIS. STAT. § 974.06 that limits its requirements to defendants who are in custody in Wisconsin. Thus, interpreting the statute in the manner requested by Newson would go against our rules of statutory interpretation, which include giving the language its "common, ordinary, and accepted meaning," giving "reasonable effect to every word, in order to avoid surplusage," so as to "avoid absurd or unreasonable results." State ex rel. Kalal v. Circuit Court for Dane Cty. , 2004 WI 58, ¶¶ 45-46, 271 Wis. 2d 633, 681 N.W.2d 110.
¶ 18 Therefore, we affirm the circuit court's denial of Newson's postconviction motion.
By the Court. -Order affirmed.
Not recommended for publication in the official reports.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Newson also challenged the validity of the arrest warrant-which also serves as the authorization for extradition-because probable cause was established based on the facts alleged in the unfiled complaint.

Newson is represented by counsel for this appeal.

Additionally, we noted that even if we had reached the merits of Newson's claims, we would have concluded that they lacked merit. See Newson v. Circuit Court for Milwaukee Cty. , No. 2011AP1569-W, unpublished op. and order at 4 n. 2 (WI App July 27, 2012).