COURT OF APPEALS
DECISION
DATED AND FILED

December 16, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1058**

Cir. Ct. No. 1999CF5988

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

    V.

TERRANCE D. PRUDE,

    DEFENDANT-APPELLANT.

---

        APPEAL from an order of the circuit court for Milwaukee County: JONATHAN D. RICHARDS, Judge. *Affirmed.*

        Before White, C.J., Colón, P.J., and Geenen, J.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Terrance D. Prude, pro se, appeals from an order of the circuit court denying his most recent postconviction motion without a hearing. For the reasons set forth below, we affirm.

## BACKGROUND

¶2 In 2001, Prude was convicted upon guilty pleas of five counts of armed robbery with threat of force as a party to the crime for a series of armed robberies committed in November 1999. Additional counts, including endangering safety by use of a dangerous weapon and one count of false imprisonment, were dismissed and read in at sentencing. The circuit court ultimately sentenced Prude to indeterminate terms of 20 years of imprisonment on each count of armed robbery, to be served consecutively. The circuit court further stayed the sentence on the fifth count in favor of a term of probation for a total of 80 years of imprisonment. Following his conviction and sentencing, Prude filed several postconviction motions, writs, and appeals.[1]

¶3 In May 2024, Prude filed the WIS. STAT. § 974.06 (2023-24),[2] postconviction motion that underlies this appeal. In his current motion, Prude again sought withdrawal of his guilty pleas based on an allegation of ineffective assistance of counsel. Prude alleged that he received erroneous advice from

---

[1] Prude's postconviction proceedings include the following: *State v. Prude*, No. 2004AP554-CR, unpublished slip op. (WI App May 9, 2006); *State v. Prude*, No. 2007AP1077, unpublished slip op. (WI App May 13, 2008); *Prude v. Huibregste*, No. 2009AP611-W, unpublished op. and order (WI App Apr. 2, 2009); *State v. Prude*, No. 2008AP2552-CR, unpublished op. and order (WI App June 8, 2009); *State v. Prude*, No. 2008AP2552-CR, unpublished slip op. (WI App Mar. 8, 2011); *State v. Prude*, No. 2013AP1513, unpublished slip op. (WI App Dec. 10, 2013); and *State v. Prude*, No. 2014AP2317, unpublished op. and order (WI App Apr. 9, 2015).

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

counsel about how much time he would have to serve before becoming eligible for parole. Prude further alleged that this advice led him to plead guilty and absent that erroneous advice from counsel, Prude would have taken his chances at trial.

¶4 In a written decision, the circuit court denied Prude's motion without a hearing. Noting that counsel's advice focused on Prude's eligibility for parole and not whether parole would be granted, the circuit court found that counsel's advice was correct, and that Prude made conclusory and vague allegations about an unidentified new law or policy that counsel told Prude would not apply to his parole eligibility. Prude now appeals.

## DISCUSSION

¶5 On appeal, Prude raises his same argument for plea withdrawal based on ineffective assistance of counsel. Prude alleges that trial counsel improperly advised him that (1) he would not be subject to the Truth in Sentencing laws, (2) a new law that would increase the time Prude would serve in prison would not apply to him, (3) Prude would only have to serve 25% of his sentence before he was considered eligible for parole, and (4) Prude would have to demonstrate suitable employment and ability to sustain himself to be considered eligible for parole. Prude further alleged that, absent trial counsel's erroneous advice, he would have proceeded to trial, and Prude details what he contends would have been viable defenses to his charges, including that he did have a firearm on his person at the time of the robberies but left the firearm in a chest holster visible to the victims and did not actually use the firearm.

¶6 In short, we do not reach Prude's argument for plea withdrawal. Rather, we conclude that Prude's claim is procedurally barred. *See Vilas Cnty. v. Bowler*, 2019 WI App 43, ¶30 n.6, 388 Wis. 2d 395, 933 N.W.2d 120 ("As a

general rule, if a circuit court reached the correct result, we may affirm its decision even if the court used a rationale that we do not adopt.").

¶7 "Once a defendant's direct appeal rights are exhausted or the time for filing an appeal has expired, the defendant may collaterally attack his conviction via a motion under WIS. STAT. § 974.06." *State v. Evans*, 2004 WI 84, ¶32, 273 Wis. 2d 192, 682 N.W.2d 784, *abrogated on other grounds by* ***State ex rel. Coleman v. McCaughtry***, 2006 WI 49, 290 Wis. 2d 352, 714 N.W.2d 900. However, absent a showing of a sufficient reason, claims that a defendant could have raised earlier but did not are barred. ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994). "Whether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to de novo review." ***State v. Romero-Georgana***, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶8 The record reflects that Prude's current WIS. STAT. § 974.06 motion is at least his seventh attempt to overturn his conviction in the circuit court. Additionally, Prude has also pursued several writs and appeals since the time of his conviction. Thus, absent a sufficient reason for failing to raise his current claim earlier, Prude's current § 974.06 motion is procedurally barred by ***Escalona-Naranjo***.

¶9 To overcome the procedural bar imposed by ***Escalona-Naranjo***, Prude cited new policies and practices of the Wisconsin Parole Commission that were applied to him and increased the time a defendant must serve before being considered eligible for release. As the State correctly notes, Prude failed to pursue this line of argument in his opening brief on appeal. We, therefore, consider any argument to overcome ***Escalona-Naranjo*** abandoned. *See* ***A.O. Smith Corp. v.***

*Allstate Ins. Co.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised on appeal, but not briefed or argued, is deemed abandoned."); *State v. Nawrocki*, 2008 WI App 23, ¶2 n.3, 308 Wis. 2d 227, 746 N.W.2d 509 ("To avoid waiving an argument on appeal, parties should develop *in the principal brief* all arguments that they reasonably believe may be relevant to the outcome of the case.").

¶10    However, even considering Prude's reason raised in his postconviction motion, we conclude that Prude's allegations of a new policy or practice are too vague and conclusory to amount to a sufficient reason for Prude's failure to raise his claim of ineffective assistance of counsel earlier.  As was the case before the circuit court, Prude has failed to identify the law, policy, or practice to which he is referring.  We further recognize that Prude was considered for parole at the first possible opportunity based on the sentence imposed and the relevant law in effect.  While Prude was ultimately denied parole, his eligibility for it was nonetheless timely considered, and Prude's parole eligibility date was not delayed in any fashion.  Pursuant to the law in effect when Prude was sentenced, as well as the law as it still stands today, Prude was considered for parole in August 2020, after serving 20 years (or 25%) of his 80-year sentence. *See* WIS. STAT. § 304.06(1)(b).

¶11    Accordingly, we affirm the circuit court's order denying Prude's postconviction motion without a hearing.

> *By the Court.*—Order affirmed.

> This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.

5