COURT OF APPEALS
DECISION
DATED AND FILED

April 6, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1013**

STATE OF WISCONSIN

Cir. Ct. No.  2004CF94

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ERIC D. ARNESON,

    DEFENDANT-APPELLANT.

         APPEAL from an order of the circuit court for Eau Claire County: EMILY M. LONG, Judge.  *Affirmed*.

         Before Hruz, Seidl and Nashold, JJ.

         **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

         ¶1      PER CURIAM.   Eric Arneson appeals from an order denying his most recent postconviction motion for a new trial.  He contends he was entitled to

a hearing on his claims of ineffective assistance of counsel and newly discovered evidence.  We conclude the circuit court properly denied the motion without a hearing because the ineffective assistance of counsel claim had been raised in a previous postconviction motion and the alleged new evidence was not material to Arneson's conviction.  We therefore affirm.

## BACKGROUND

¶2      In 2004, Arneson was convicted of first-degree reckless homicide in the death of his girlfriend's infant daughter, Kaitlyn Rouse, whom he had been babysitting.  The testimony at trial regarding the cause of Rouse's death was undisputed.  Doctor Kelly Mills, who was at that time an assistant medical examiner at the Ramsey County Medical Examiner's Office in St. Paul, Minnesota, performed the autopsy on Rouse.  Mills determined the cause of death to be "asphyxia due to either compression of the chest or obstruction of the mouth and nose."  Arneson provided a series of conflicting statements to police, but he eventually admitted that he had wrapped Rouse's torso in a blanket so tightly that she could not move because Rouse was crying and screaming so loudly that Arneson could not sleep.  When Rouse continued to cry and scream, Arneson got a comforter from a nearby bedroom, and wrapped Rouse's entire body up very tightly, including her head and face.

¶3      In 2009, Arneson filed a postconviction motion alleging that his trial counsel had provided ineffective assistance by failing to hire an expert witness to review and challenge Mills' conclusion about Rouse's cause of death and to testify that sleep deprivation could have affected the accuracy of Arneson's statement to police.  Arneson offered the opinion of Dr. Cyril Wecht that the most likely cause of Rouse's death was sudden infant death syndrome, and that inconsistencies in

Arneson's statements to police were the result of sleep deprivation. The circuit court denied the motion, noting that Arneson had failed to provide a resume showing Wecht's credentials, therefore limiting the value of Wecht's opinion. The court also found that Arneson and his attorney made a "conscious strategic decision" to focus the trial on Arneson's supposed lack of criminal recklessness rather than on the cause of death.

¶4 In 2019, Arneson filed the present postconviction motion seeking a new trial on the basis of newly discovered evidence. Arneson cited a Minnesota case that had reversed a conviction involving the death of another infant. In that case, Dr. Michael McGee of the Ramsey County Medical Examiner's Office had determined the cause of death to be blunt force trauma from a fall resulting in a fracture to the skull six days before death—despite the lack of any intracranial bleeding or injury to the brain. The Minnesota court concluded that McGee had provided "false or incorrect" testimony about the symptoms and clinical course of a child with a skull fracture, and that recent research about positional asphyxia had not been available at the time of the trial. Arneson argued that the false evidence given by another doctor in the Ramsey County Medical Examiner's office undermined Mills' conclusion in this case and bolstered Arneson's prior claim of ineffective assistance of counsel.

¶5 The circuit court concluded that Arneson was attempting to relitigate his prior ineffective assistance claim and that the Minnesota case did not constitute newly discovered evidence. The court denied Arneson's motion without an evidentiary hearing, and Arneson appeals.

**DISCUSSION**

¶6     In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought. *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433. In the context of a claim of newly discovered evidence, that means: "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted). No hearing is required, though, when the defendant presents only conclusory allegations or when the record conclusively demonstrates that he or she is not entitled to relief. *Nelson v. State*, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972). Whether a defendant is procedurally barred from filing a successive postconviction motion is a question of law subject to de novo review. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶7     Here, Arneson incorporated his entire ineffective assistance claim from 2009 into his 2019 postconviction motion, reiterating his assertion that his trial counsel should have hired an expert witness to challenge Mills' conclusion as to Rouse's cause of death. A matter already litigated cannot be relitigated in subsequent postconviction proceedings "no matter how artfully the defendant may rephrase the issue." *See State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991). We agree with the State that Arneson is therefore procedurally barred from again challenging his trial counsel's performance.

¶8     We further agree with the State that the facts alleged in Arneson's current postconviction motion fail to establish his right to a new trial based on newly discovered evidence. Specifically, the allegations in Arneson's motion are

4

insufficient to show that the Minnesota case was material to an issue in this case. First, McGee did not testify in this case; therefore, his credibility was not at issue here. Second, even though Mills was from the same medical examiner's office as McGee, the Minnesota case did not mention Mills, or make any allegations of widespread problems in the Ramsey County Medical Examiner's office, so the case did not affect Mills' credibility. Third, the subject of the incorrect testimony in the Minnesota case related to what could be deduced from a skull fracture, which was not present here. In sum, the circuit court found Arneson's proffered evidence was not material and properly exercised its discretion in denying Arneson's motion without a hearing.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).