COURT OF APPEALS
DECISION
DATED AND FILED

September 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP2429**

**STATE OF WISCONSIN**

Cir. Ct. No. **1997CF400**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

KELLY V. BODOH,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Washington County: ANDREW T. GONRING, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Reilly, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Kelly V. Bodoh appeals from an order of the circuit court denying his WIS. STAT. § 974.06 (2019-20)[1] motion for postconviction relief. Because the record conclusively demonstrates that Bodoh was not entitled to relief, we affirm the circuit court's order denying the motion without an evidentiary hearing.

## BACKGROUND

¶2    In 1998, a jury found Bodoh guilty of first-degree intentional homicide for the shooting death of Robin Elsinger. At trial, Bodoh pursued a provocation defense. Bodoh testified that when he shot Elsinger he was flashing back to the prior sexual assault by Elsinger. He believed that he was justified in shooting Elsinger because of the risk of another sexual assault. A jury found Bodoh guilty and the circuit court sentenced him to life imprisonment with a parole eligibility date of approximately forty years.

¶3    Bodoh, by postconviction counsel, filed a motion for postconviction relief pursuant to WIS. STAT. RULE 809.30 asking the circuit court to vacate his conviction on the basis of ineffective assistance of trial counsel. As relevant to this appeal, Bodoh argued that his trial counsel was ineffective for failing to adequately investigate and present evidence about psychological conditions Bodoh may have experienced relevant to his provocation defense. Specifically, Bodoh argued that while trial counsel did retain a psychologist to evaluate Bodoh, counsel did not ask the psychologist "or another psychologist/psychiatrist to conduct a psychosexual evaluation of Bodoh for latent homosexuality, or to

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

determine whether he was susceptible to or suffered from homosexual panic [on the day Bodoh shot Elsinger] or whether he displayed or suffered from any post-sexual assault traumatic disorder or symptoms."

¶4   At the **Machner**[2] hearing, trial counsel testified that he retained a psychologist, Dr. Kenneth Smail, to interview Bodoh and assist in his defense, but ultimately chose not to have Dr. Smail testify.  Trial counsel testified that he asked Dr. Smail to provide an opinion concerning, among other things, whether Bodoh "had lost complete self-control from a psychological aspect at the time the murder was committed."  Trial counsel testified that Dr. Smail's evaluation results did not support the theory of defense, ultimately leading counsel to rely on the testimony of Bodoh and other witnesses.

¶5   The circuit court denied Bodoh's postconviction motion and this court affirmed the conviction.  Bodoh then filed a petition for review with the Wisconsin Supreme Court, which was denied, as well as a motion to vacate, set aside or correct sentence filed with the United States District Court for the Eastern District of Wisconsin, which was ultimately dismissed.

¶6   Almost twenty years later, Bodoh, with new counsel, filed the WIS. STAT. § 974.06 motion that underlies this appeal.  Bodoh's motion alleged that he was entitled to a new trial on the basis of ineffective assistance of postconviction counsel.[3]   Specifically, Bodoh argued that postconviction counsel rendered

---

[2]  *See* **State v. Machner**, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[3]  Throughout his briefs to this court, Bodoh refers to postconviction counsel as "direct appeal counsel"; however, Bodoh actually challenges postconviction counsel's performance during the postconviction **Machner** proceedings.

ineffective assistance at the *Machner* hearing for failing to adequately litigate the ineffective assistance of trial counsel claim. Bodoh argued that postconviction counsel, like trial counsel, failed to present evidence that Bodoh suffered from psychological conditions that may have affected his mental state at the time of the shooting. In support of his motion, Bodoh attached a psychological evaluation conducted by Dr. Steven Kaplan. In his report, Dr. Kaplan determined that Bodoh suffered from untreated PTSD at the time of the shooting.

¶7     Alternatively, Bodoh's motion sought specific performance of a plea offer that Bodoh previously rejected based on what he argued was trial counsel's inaccurate advice. Bodoh argued that trial counsel failed to accurately advise him of the date he would be eligible for release. Bodoh argued that he would have accepted the plea if he knew that his parole eligibility date was sooner than what counsel had explained.

¶8     The circuit court denied Bodoh's motion without a hearing. This appeal follows.

## DISCUSSION

¶9     On appeal, Bodoh reiterates the arguments raised in his WIS. STAT. § 974.06 motion. He argues that postconviction counsel was ineffective for failing to present expert testimony at the *Machner* hearing about Bodoh's mental state at the time of the shooting, which, Bodoh argues, would have established ineffective assistance of trial counsel. Alternatively, he argues that "he should be allowed to benefit from a plea deal that he previously rejected because his trial counsel failed to properly advise him, resulting in Bodoh's rejection of it." Bodoh contends that he is entitled to a hearing on his claims. We address each argument.

4

¶10 A circuit court must hold an evidentiary hearing if the defendant's WIS. STAT. § 974.06 motion alleges sufficient facts that, if true, show that the defendant is entitled to relief. *State v. Balliette*, 2011 WI 79, ¶18, 336 Wis. 2d 358, 805 N.W.2d 334. However, if the motion does not allege such facts, "or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the circuit court has the discretion to grant or deny the motion. *Id.* (citation omitted). When a claim of ineffective postconviction counsel is based on the failure to raise ineffective assistance of trial counsel, the defendant must show that trial counsel was actually ineffective. *State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369. To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation was deficient and that the deficiency was prejudicial. *State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694. Both deficient performance and prejudice present mixed questions of fact and law. *Id.* We review de novo whether counsel's performance was deficient or prejudicial. *See id.* To show prejudice arising from counsel's performance, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, ¶26 (citations omitted). If trial counsel was not ineffective, then postconviction counsel was not ineffective for failing to challenge trial counsel's performance. *See id.*

### A. Expert Witness

¶11 In denying Bodoh's motion, the circuit court found that Bodoh was simply "second-guessing" postconviction counsel's performance at the *Machner*

hearing and that the record clearly established that postconviction counsel "was aware of the issues and properly presented the same." We agree.

¶12 At the *Machner* hearing, trial counsel testified that he retained Dr. Smail to assess whether Bodoh suffered from a relevant psychological diagnosis that caused him to lose complete self-control at the time of the murder, but Dr. Smail's opinion did not support Bodoh's provocation defense. Trial counsel stated that Dr. Smail had such a solid basis for his opinion that counsel saw no need to seek a second opinion. Bodoh now complains that postconviction counsel should have sought that second opinion by retaining an expert with an opinion consistent with that of Dr. Kaplan. Bodoh contends that if postconviction counsel had done so, there would have been a reasonable probability that he would have won his postconviction motion, received a new trial, and been acquitted.

¶13 Bodoh's argument is problematic for multiple reasons. First, the argument ignores the multiple arguments postconviction counsel did raise on appeal, including, but not limited to an allegation of ineffective assistance of trial counsel for failure to investigate and present psychological defenses. Moreover, Bodoh fails to establish that postconviction counsel was obligated to search for an expert—twenty years after his conviction—to support his conclusory assertion that additional expert testimony could ultimately have led to an acquittal. In short, Bodoh has no basis for his ineffective assistance of postconviction counsel claim.

## B. Plea Offer

¶14 We also reject Bodoh's claim that he is entitled to specific performance of a previously rejected plea offer. Bodoh contends that his trial counsel informed him pre-trial that the State extended a plea offer in which Bodoh would plead guilty to the homicide charge in exchange for the State

recommending the minimum parole eligibility date, which trial counsel purportedly calculated to occur after Bodoh had served twenty years in prison. Bodoh now contends that he would have accepted the State's plea offer had he known that he would have been eligible for parole after 13.25 years instead of the twenty years quoted by trial counsel because of the difference in eligibility dates. Bodoh contends that trial counsel was ineffective for the manner he explained the State's offer and that postconviction counsel was ineffective for not pursuing that claim. We conclude that Bodoh's claim is procedurally barred.

¶15    Absent a sufficient reason, a defendant is procedurally barred from raising issues in a WIS. STAT. §974.06 postconviction motion that could have been raised on direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994). Where, as here, the ineffective assistance of postconviction counsel is alleged as the sufficient reason, the defendant must set forth with particularity facts showing that postconviction counsel's performance was both deficient and prejudicial. *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. In addition, as part of the pleading requirements, the defendant must allege that his newly raised issues are "clearly stronger" than those raised previously. *State v. Starks*, 2013 WI 69, ¶57, 349 Wis. 2d 274, 833 N.W.2d 146.

¶16    As the circuit court noted, Bodoh's parole eligibility date would have been known to him at the time of his first postconviction motion and prior to the resolution of his previous appeals. Thus, for Bodoh to overcome the *Escalona-Naranjo* procedural bar, Bodoh must establish that his new argument is clearly stronger than the arguments postconviction counsel did raise.

¶17    In Bodoh's first postconviction motion, postconviction counsel argued that trial counsel was ineffective for multiple reasons, including: failing to

investigate and present additional psychological evidence bearing on his provocation defense; effectively conceding Bodoh's guilt to the jury; failing to call particular witnesses to testify about Elsinger's assaultive nature; failing to request a jury instruction for a lesser included offense; and failing to object to an alleged breach of a sentencing agreement. Bodoh's current WIS. STAT. § 974.06 motion makes no meaningful attempt to demonstrate that his argument regarding trial counsel's alleged miscalculation is clearly stronger than the multiple arguments postconviction counsel actually did raise. Indeed the motion does not even mention most of postconviction counsel's arguments. Because Bodoh failed to articulate how his newly developed claim was "clearly stronger" than all claims raised in his first postconviction motion, the circuit court properly held that Bodoh's claim was procedurally barred. *See* ***State v. Romero-Georgana***, 2014 WI 83, ¶71, 360 Wis. 2d 522, 849 N.W.2d 668.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

8