**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 2, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2017AP2482**

Cir. Ct. No. **2010CF2842**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

EDWARD R. LEE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: T. CHRISTOPHER DEE, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Edward R. Lee appeals *pro se* from an order of the circuit court denying his WIS. STAT. § 974.06 (2019-20)[1] motion.  Lee contends that the circuit court erred in denying his attorney's request to withdraw at the preliminary hearing, he was deprived of his right to counsel at his preliminary hearing, and his subsequent attorneys were ineffective for failing to challenge the preliminary hearing.

¶2      We conclude that by entering a plea, Lee waived any complaints he may have about the preliminary hearing.  Moreover, we conclude that Lee's arguments are conclusory and insufficiently plead, thus, the circuit court properly denied Lee's WIS. STAT. § 974.06 motion.  We therefore affirm.

## BACKGROUND

¶3      In 2010, Lee was charged with one count of attempted first-degree intentional homicide while armed with a dangerous weapon as a party to a crime and one count of possessing a firearm, both as a repeat offender.  According to the criminal complaint, Lee shot at and injured D.W.

¶4      At the start of the preliminary hearing, Lee's attorney, who was appointed the day before, moved to withdraw.  Lee's attorney indicated that because Lee wanted him to withdraw he did not have an opportunity to read the complaint to Lee, discuss the case with Lee, or otherwise prepare for the hearing.

¶5      Lee confirmed that he wanted to fire his attorney because of "the conversation that we had."  According to Lee, his attorney "didn't look over the

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

case" and "couldn't tell me anything." In other words, Lee "wanted some more time to talk" to his attorney.

¶6    The State objected to the motion to withdraw, stating that "Lee has a misunderstanding of what this hearing is all about." The State indicated that "[t]his is just a very early proceeding to establish probable cause, nothing more," and the witnesses "are ready to testify in this very serious matter, so we would prefer to go forward today since everybody who we need [to testify] is present."

¶7    The court commissioner denied the request to withdraw. The court stated that Lee's attorney was "one of the most experienced attorneys that comes into this court and is extremely competent." Further, the witnesses "would be extremely inconvenienced," as this is "a very serious case that needs to move along" and there were only a few dates available to reschedule the hearing.

¶8    The hearing proceeded and the State called three witnesses. Victor Garza testified that he saw a man wearing a black shirt with a shotgun run by him and shoot at another person. Garza also saw the individual wearing the black shirt and an individual wearing a white shirt kicking the person who had been shot. Garza testified that he picked out Lee and his brother, Donald Lee, who were both in the courtroom, in a photo array, but was not certain which individual wore the black shirt or the white shirt. The victim's brother, D.E., also testified that he saw a man wearing all black shoot at his brother. In addition, Detective Shannon Lewandowski testified that she conducted the photo array with Garza and Garza identified Lee and his brother as the people he saw that night. Based on this testimony, the court found "probable cause to believe that a felony or felonies ha[d] been committed" and bound Lee over for trial.

¶9 Subsequently, Lee successfully discharged his first trial attorney and was appointed a second trial attorney. Lee entered a plea to first-degree reckless injury and felon in possession of a firearm, both as repeaters. As part of the plea agreement, the State agreed to recommend "substantial prison" at sentencing. Lee ultimately received a global sentence of nineteen years of incarceration, consisting of thirteen years of initial confinement and six years of extended supervision.

¶10 Lee, through postconviction counsel, filed a motion alleging that: (1) his second trial attorney "materially misadvised him" of what the term "substantial" in the plea agreement meant; (2) he was entitled to a new sentencing hearing because his second trial attorney did not contact his mother to speak at his sentencing; and (3) he was entitled to additional sentence credit. The circuit court granted Lee additional sentence credit, but denied the remainder of his motion without an evidentiary hearing.

¶11 Lee appealed the denial of his plea withdrawal claim, and this court affirmed. *See* ***State v. Lee***, 2012AP201-CR, unpublished slip op. ¶1 (WI App Oct. 16, 2012). Lee's petition for review to our supreme court was denied.

¶12 In 2017, Lee, *pro se*, filed a WIS. STAT. § 974.06 motion. Lee's motion claimed that he was denied counsel at his preliminary hearing and his attorneys were ineffective.

¶13 The circuit court denied Lee's motion without an evidentiary hearing. The court found that Lee's argument was "conclusory" because Lee failed to state "how the preliminary hearing in this case was unfair or what trial counsel should have done." Moreover, the court stated that Lee's guilty plea waived his right to challenge any issues with his preliminary hearing and the issue

4

raised was "not clearly stronger" than the claims raised in the prior appeal. This appeal follows.

## DISCUSSION

¶14  WISCONSIN STAT. § 974.06 provides a mechanism for prisoners to raise constitutional claims after the time for a direct appeal has expired. A defendant seeking relief under § 974.06 has the burden of showing "the need for a postconviction evidentiary hearing with a clearly articulated justification." *State v. McAlister*, 2018 WI 34, ¶28, 380 Wis. 2d 684, 911 N.W.2d 77.

¶15  A circuit court is required to hold an evidentiary hearing on a motion only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433.  Whether a defendant's motion has alleged sufficient material facts entitling the defendant to relief is a question of law that we review *de novo*. *Id.*, ¶9.

¶16  If the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.*  We review this decision under the deferential erroneous exercise of discretion standard. *Id.*

¶17  On appeal, Lee renews his claims that he was denied his right to counsel at his preliminary hearing and that his second trial attorney and his postconviction attorney were ineffective for failing to challenge the preliminary hearing. Additionally, Lee contends that the court commissioner erred in denying

his attorney's request to withdraw at the preliminary hearing. We reject Lee's arguments.

¶18 We conclude that Lee waived any challenges to his preliminary hearing when he entered a guilty plea. It is well established that a valid guilty plea "waives all nonjurisdictional defenses to a conviction, including constitutional violations." *State v. Villegas*, 2018 WI App 9, ¶45, 380 Wis. 2d 246, 908 N.W.2d 198 (citation omitted).

¶19 While a claim of ineffective assistance of counsel may provide an exception to the guilty plea waiver rule, *see State v. Milanes*, 2006 WI App 259, ¶13, 297 Wis. 2d 684, 727 N.W.2d 94, we conclude Lee's ineffective assistance of counsel claims are conclusory and insufficiently plead.[2]

¶20 In order to establish ineffective assistance of counsel, a defendant must prove both that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a plea, to establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

---

[2] The State acknowledges that an ineffective assistance of counsel claim may provide an exception to the guilty plea waiver rule. The State, however, suggests that this exception is limited to ineffective assistance of counsel claims directly related to a defendant's plea. Thus, according to the State, the ineffective assistance of counsel exception does not apply to "preplea proceedings." A similar argument was recently addressed and rejected in *State v. Grant*, No. 2020AP404-CR, unpublished slip op. (WI App July 20, 2021), which we find persuasive. *See* WIS. STAT. RULE 809.23(3)(b) ("An unpublished opinion issued on or after July 1, 2009, that is authored by a member of a three-judge panel … may be cited for its persuasive value."). Rather, as we discuss below, we conclude that Lee does not meet the ineffective assistance of counsel exception to the guilty plea waiver rule because his claims are conclusory and insufficiently plead.

*Lockhart*, 474 U.S. 52, 59 (1985); *see also* **State v. Bentley**, 201 Wis. 2d 303, 315-16, 548 N.W.2d 50 (1996).

¶21  Lee's WIS. STAT. § 974.06 motion alleged that his second trial attorney and his postconviction counsel were deficient for failing to "investigate preliminary hearing issues," and if they had been effective, "a different result would have [] occurred in this case." In addition, Lee's motion alleged that if he had a different attorney representing him at the preliminary hearing, his case "would of [sic] gotten dismissed resulting in a different outcome."

¶22  Absent from Lee's motion, however, are any allegations that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Moreover, as the circuit court found, Lee's motion does not sufficiently develop how his preliminary hearing was unfair or what a new attorney could have done differently at the preliminary hearing.

¶23  In his brief to this court, Lee attempts to further develop his claims. In pertinent part, Lee contends that had he been provided with effective assistance of counsel at the preliminary hearing, this would have revealed that the photo array was unduly suggestive. However, a defendant must allege facts, which if true, would entitle him to relief "within the four corners" of the motion. *Allen*, 274 Wis. 2d 568, ¶23. Accordingly, our review is limited to the allegations

contained in Lee's WIS. STAT. § 974.06 motion and we generally do not consider additional arguments contained in a brief on appeal.[3] *Allen*, 274 Wis. 2d 568, ¶27.

¶24 Finally, we conclude that Lee has failed to show that his preliminary hearing claims are "clearly stronger" than the claims raised in his postconviction motion. When a defendant "alleges in a [WIS. STAT. §] 974.06 motion that his [or her] postconviction counsel was ineffective for failing to bring certain viable claims, [he or she] must demonstrate that the claims he [or she] wishes to bring are clearly stronger than the claims postconviction counsel actually brought." *State v. Romero-Georgana*, 2014 WI 83, ¶4, 360 Wis. 2d 522, 849 N.W.2d 668.

¶25 Here, Lee's WIS. STAT. § 974.06 motion did not assert, much less demonstrate, that his preliminary hearing claims were clearly stronger than the claims in his postconviction motion for plea withdrawal, a new sentencing hearing, and additional sentence credit. Moreover, as discussed above, Lee's preliminary hearing claims are conclusory and insufficient. Thus, Lee has failed to show that his preliminary hearing claims are "clearly stronger" than the claims in his postconviction motion.

¶26 Accordingly, for all of the reasons above, we conclude that the circuit court properly denied Lee's WIS. STAT. § 974.06 motion.

---

[3] Further, even if we were to consider Lee's additional allegations in this court, Lee still fails to make any allegation that but for trial counsel's errors he would have rejected the plea offer and gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Additionally, Lee's claim that effective assistance of counsel at the preliminary hearing would have revealed that the photo array was unduly suggestive is speculative and undeveloped. Lee does not point to any specific problems with the way that the photos were presented or displayed to Garza, the words or actions of law enforcement overseeing the viewing, or the photos themselves. *See State v. Mosley*, 102 Wis. 2d 636, 652, 307 N.W.2d 200 (1981).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.