COURT OF APPEALS
DECISION
DATED AND FILED

July 15, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1123**

Cir. Ct. No. 2016CF3333

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARVIN D. ANTHONY,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed*.

Before White, C.J., Geenen, and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Marvin D. Anthony appeals from the order denying postconviction relief without a hearing.  He was convicted, upon guilty pleas, of two counts of homicide by negligent operation of a vehicle and two counts of knowingly operating while his operating license was suspended and causing death.  Upon review, we affirm.

¶2     The issue in this case is whether Anthony was entitled to an evidentiary hearing on his WIS. STAT. § 974.06 (2023-24)[1] motion.  Anthony was convicted in November 2016 for charges arising out of a fatal hit-and-run that occurred in Milwaukee in May 2016.  The criminal complaint alleged that the driver of an Audi SUV, travelling at a high rate of speed, failed to stop at a stop sign and collided with a Hyundai.  Two passengers—an adult and a child—died as a result of being ejected from the Hyundai.

¶3     After being sentenced in February 2017 to an overall term of 20 years of imprisonment,[2] Anthony's postconviction counsel filed a WIS. STAT. RULE 809.30 motion requesting he be found eligible for the challenge incarceration program or the substance abuse program.  The circuit court denied his motion without a hearing in February 2018.

¶4     Anthony's postconviction counsel then indicated that he planned to file a no-merit report on appeal.  In response, Anthony moved to dismiss the

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] The circuit court imposed consecutive sentences of ten years, evenly bifurcated between initial confinement and extended supervision, for the two counts of homicide by negligent operation of a vehicle; and concurrent sentences of six years, evenly bifurcated between initial confinement and extended supervision, for the two counts of knowingly operating a vehicle while suspended.  The operating sentences were concurrent to the homicide sentences.

appeal and proceed pro se, or with his own retained counsel. After this court ascertained that Anthony understood the risks of proceeding pro se, we granted his motion and dismissed the no-merit appeal. Anthony, by counsel, filed a WIS. STAT. § 974.06 motion in October 2021.[3] In April 2023, the circuit court denied Anthony's postconviction motion without a hearing.

¶5 "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny [an evidentiary] hearing." *Id.*, ¶9. "We review a circuit court's discretionary decisions under the deferential erroneous exercise of discretion standard." *Id.*

¶6 "All grounds for relief available" must be consolidated in the defendant's "original, supplemental or amended motion." WIS. STAT. § 974.06(4). "Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose" of postconviction relief under § 974.06. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). Claims that could have been raised in a previous § 974.06 motion, or in the defendant's direct appeal, "are barred from being raised in a subsequent § 974.06 motion absent a showing of a sufficient reason why the claims were not

---

[3] This court granted Anthony 19 extensions to file his appeal between August 2018 and November 2020.

raised" previously.  ***State v. Balliette***, 2011 WI 79, ¶36, 336 Wis. 2d 358, 805 N.W.2d 334.

¶7      Whether a WIS. STAT. § 974.06 motion alleges sufficient material facts to be entitled to an evidentiary hearing is a question of law that we independently review.  ***State v. Romero-Georgana***, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.  "Whether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law" we independently review.  ***Romero-Georgana***, 360 Wis. 2d 522, ¶30.  A defendant alleging a sufficient reason for a successive motion must demonstrate that the claims the defendant now brings "are clearly stronger than the claims postconviction counsel actually brought."  ***Id.***, ¶4.

¶8      Anthony's WIS. STAT. § 974.06 motion alleged that he was not driving the vehicle during the hit-and-run, but rather that another person coerced him with threats of harm if Anthony did not claim to be the driver.  Both Anthony and the other person's DNA had been found in the vehicle.[4]  He alleged that he told trial counsel he was not the driver; however, counsel advised him to enter the guilty pleas because his police statements confessing to being the driver would be used against him at trial.  He alleged that trial counsel should have advised Anthony to go to trial with a third-party perpetrator defense.  He alleged that he told postconviction counsel he was not the driver and that postconviction counsel was ineffective for failing to raise these claims against trial counsel.

---

[4] The record reflects that the State's evidence included Anthony's DNA and fingerprints on the vehicle, as well as video footage depicting a person matching his description before and after the crash.  Anthony does not dispute his presence.

¶9 "[I]neffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Romero-Georgana*, 360 Wis. 2d 522, ¶36. However, Anthony's allegations are inadequate to demonstrate that postconviction counsel's performance was deficient and that the deficiency prejudiced his defense, as required by the two-prong ineffective assistance of counsel test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶10 Anthony's allegations are conclusory and opinion framed as factual allegations. An assertion that "is the defendant's opinion only" without "a factual basis for the opinion" does not allege sufficient material facts for this court's meaningful review. *Allen*, 274 Wis. 2d 568, ¶21. Anthony does not address how the claims he raises now are clearly stronger than the claims brought by postconviction counsel. *Romero-Georgana*, 360 Wis. 2d 522, ¶4.

¶11 Anthony's conclusory allegations against postconviction counsel rest on his speculative assertions that trial counsel could have persuaded the State to dismiss the charges and pursue a third-party perpetrator. While Anthony alleges he told both postconviction counsel and trial counsel that he was not the driver, he does not explain "where, when, why, and how" each counsel was informed. *See Allen*, 274 Wis. 2d 568, ¶23. He makes only a bare conclusory allegation of prejudice from the performance of either postconviction counsel or trial counsel. We conclude that Anthony fails to make the required showings to establish ineffective assistance of postconviction or trial counsel. *Strickland*, 466 U.S. at 687.

¶12 Anthony has failed to sufficiently allege facts that, if true, would entitle him to relief, therefore, the circuit court's decision to deny his WIS. STAT.

5

§ 974.06 motion without a hearing was not an erroneous exercise of discretion. *Allen*, 274 Wis. 2d 568, ¶9. Further, Anthony has not presented a sufficient reason to avoid the procedural bar on successive postconviction motions. *Escalona-Naranjo*, 185 Wis. 2d at 185. Therefore, we conclude that Anthony's postconviction claims are barred.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.