COURT OF APPEALS
DECISION
DATED AND FILED

July 16, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2271-CR**

Cir. Ct. No. 2019CF1569

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOSE G. ESPITIA GUERRERO,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1  PER CURIAM.  Jose G. Espitia Guerrero appeals from a judgment of conviction and an order denying his postconviction motion.  Espitia Guerrero claims that his trial counsel was ineffective and that the trial court erred in denying him an evidentiary hearing pursuant to ***State v. Machner***.[1]  Based upon our review of the briefs and Record, we affirm.

¶2  In 2019, police investigated a report that Espitia Guerrero had repeatedly sexually assaulted his girlfriend's thirteen-year-old daughter, Amelia,[2] during an approximately five-month period.  Amelia reported the assaults to her school counselor and revealed that Espitia Guerrero had touched her private parts and forced her to engage in sexual acts with him when Amelia's mother was not present.

¶3  The State charged Espitia Guerrero with one count of repeated sexual assault of the same child with at least three violations of first- or second-degree sexual assault.  Espitia Guerrero had a jury trial over four days in October 2021.  The jury found Espitia Guerrero guilty, and the trial court sentenced him to seventeen years' initial confinement followed by ten years' extended supervision.

¶4  Espitia Guerrero filed a postconviction motion seeking an evidentiary hearing, arguing that he was entitled to a new trial based on ineffective assistance of trial counsel.  The trial court denied the motion without a hearing, concluding that Espitia Guerrero's motion was a "classic example of the hindsight analysis

---

[1] 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[2] To protect the identity of the victim, we use a pseudonym.  *See* WIS. STAT. RULES 809.19(1)(g) and 809.86(4) (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

which plague[d] a large number of these motions" and credited the State for addressing the "many shortcomings of the motion."

¶5    Espitia Guerrero appeals, arguing he is entitled to an evidentiary hearing because he alleged sufficient facts to prove his trial counsel's deficient performance prejudiced him. Specifically, Espitia Guerrero asserts that (1) trial counsel's decision to waive an opening statement and (2) the failure to question the credibility and motive of Amelia on cross-examination amounted to deficient performance.

¶6    The Sixth and Fourteenth Amendments to the United States Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant asserting an ineffective assistance claim must prove (1) that his counsel's performance was deficient and (2) that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to prove one prong of the *Strickland* test, a court need not consider the other prong. *Id.* at 697.

¶7    A defendant claiming he received ineffective assistance of counsel is not automatically entitled to an evidentiary hearing. *Balliette*, 336 Wis. 2d 358, ¶18. "If the motion raises sufficient facts that, if true, show that the defendant is entitled to relief, the [trial] court must hold an evidentiary hearing." *Id.* However, if the motion lacks sufficient facts, presents only conclusory allegations, or the record shows that the defendant is not entitled to relief, the court has the discretion to grant or deny the motion. *Id.* (citing *State v. Bentley*, 201 Wis. 2d 303, 310-11, 548 N.W.2d 50 (1996)). Whether a postconviction motion is sufficient to warrant

3

a hearing "is a question of law, which we review de novo." ***Balliette***, 336 Wis. 2d 358, ¶18.

¶8 Here, Espitia Guerrero's postconviction motion alleged that his trial counsel provided ineffective assistance because (1) he failed to present an opening statement and (2) he did not cross-examine Amelia about an alleged incident that could have affected her credibility with the jury and demonstrated motive to lie. Because Espitia Guerrero's motion was insufficient with respect to both allegations, we agree with the trial court's decision to deny the motion without a hearing.

¶9 Espitia Guerrero's first claim regarding the lack of an opening statement was plainly based only on conclusory allegations; his motion did not sufficiently establish that his trial counsel's decision to waive an opening statement "fell below an objective standard of reasonableness." *See* ***State v. Romero-Georgana***, 2014 WI 83, ¶40, 360 Wis. 2d 522, 849 N.W.2d 668 (citation omitted). Espitia Guerrero merely asserted that "where the evidence of guilt rested on the credibility of the complaining witness's testimony," as it did here, "declining to give the jury an overview of the evidence and why such evidence would fail to prove the State's charges beyond a reasonable doubt, left the jury with only the State's version of the evidence." Therefore, he said, the decision to forego an opening statement was "clearly" deficient performance.

¶10 Neither of the two cases Espitia Guerrero cites to support this claim suffices. The first was unpublished, uncitable, and not within an applicable exception under WIS. STAT. § 809.23(3)(a). In the second, ***State v. Hineman***, 2023 WI 1, ¶¶47-48, 405 Wis. 2d 233, 983 N.W.2d 652, our supreme court reviewed a case in which a defendant had been granted an evidentiary hearing by the circuit court after raising four claims of ineffective assistance of counsel, one of which

concerned a waived opening statement. That case, however, cuts against Espitia Guerrero's argument by holding that waiving an opening statement was a reasonable trial strategy in that case. *See id*. The court further noted that courts addressing the issue "consistently hold that waiving opening statement is an acceptable trial strategy." *Id.*, ¶47. While Espitia Guerrero argues on appeal that choosing not to present an opening statement "cannot always be deemed reasonable trial strategy," *Hineman* makes clear that any claim regarding a waived opening statement, in and of itself, is not alone a basis for deficient trial performance. *See id.* Here, Espitia Guerrero did not tie the lack of an opening statement to other facts to sufficiently support his first claim. Thus, we conclude that the trial court did not err in determining that there was no deficient performance on this claim. *See State v. Carter*, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695.

¶11     Even if we gave Espitia Guerrero the benefit of the doubt and concluded that failing to provide an opening statement *was* deficient performance, Espitia Guerrero's motion also failed to demonstrate prejudice on that claim. He merely stated that he was prejudiced because "counsel's errors deprived the jury of the opportunity to learn the theory of the defense until closing argument." To prove prejudice, "the defendant must show that [trial counsel's deficient performance] actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. Additionally, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Espitia Guerrero has failed to do that. His motion presented only conclusory allegations alleging prejudice without reasonably tying that to a different trial outcome. This is not sufficient.

¶12  Espitia Guerrero's second claim, based on his allegation that his trial counsel failed to effectively cross-examine Amelia, is similarly insufficiently pled. While cross-examining Amelia, Espitia Guerrero's trial counsel questioned her about her use of Espitia Guerrero's credit card without permission. After the trial court overruled the State's objection to the question, trial counsel opted not to inquire further about the credit card and instead questioned Amelia regarding the discipline she experienced at home. Espitia Guerrero argued that the trial counsel's performance was deficient because he "failed to emphasize for the jury that [Amelia] had a specific instance of discipline by [Espitia Guerrero] which impacted her credibility and motive."

¶13  The case relied upon by Espitia Guerrero fails to support his allegation that when "the theory of the case" centered upon the incredibility of the victim's story and a failure to ask questions related to motive established deficient performance. In *State v. Jenkins*, 2014 WI 59, ¶59, 355 Wis. 2d 180, 848 N.W.2d 786, the court held that an attorney's performance was deficient based on the failure to call "a witness at trial to give testimony contradictory to that of the State's eyewitness." And in *Washington v. Smith*, 219 F.3d 620, 633-34 (7th Cir. 2000), the court opined, as our supreme court stated it, that trial counsel's failure to question a witness "'crippl[ed]' the defendant's defense by excluding entirely the testimony that would have most supported the defendant's theory." *Jenkins*, 355 Wis. 2d 180, ¶61. These cases are clearly distinguishable; unlike the witnesses in those cases, who were not questioned at all, Espitia Guerrero's trial counsel did question Amelia. Here, trial counsel's decision not to continue questioning Amelia about the credit card fell within the attorney's discretion regarding strategy. Espitia Guerrero likely benefited from his trial counsel's strategy of not re-asking the question because it allowed the jury to hear the suggestion of credit-card misuse

by Amelia without the potential risk of receiving an unhelpful response or clarification.

¶14 Finally, Espitia Guerrero failed to sufficiently allege that his counsel's supposed cross-examination error prejudiced him. His allegation that it "deprived the jury of the opportunity to hear the potential motive of the complaining witness or question her credibility" was unsupported. His argument also assumes that Amelia's answer would have benefited him. Espitia Guerrero has not established that, but for the unanswered responses by Amelia, it was reasonably likely that the jury would have acquitted him despite the strength of the testimony against Espitia Guerrero. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Without such a showing, he cannot establish sufficient prejudice to warrant a hearing.

¶15 Therefore, Espitia Guerrero has failed to establish that the trial court erred in denying a hearing on his postconviction motion alleging ineffective assistance of trial counsel. Espitia Guerrero did not show that his trial counsel's "representation fell below an objective standard of reasonableness," *Romero-Georgana*, 360 Wis. 2d 522, ¶40 (citation omitted), as to either claim. Without that, the "strong presumption" of "reasonable professional assistance" stands. *Strickland*, 466 U.S. at 689.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.