COURT OF APPEALS
DECISION
DATED AND FILED

July 29, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP634**

Cir. Ct. No. **2016CF712**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARTEZ COLUMBUS FENNELL,

DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed.*

Before White, C.J., Geenen, and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Martez Columbus Fennell, pro se, appeals from an order that denied his postconviction motion filed under WIS. STAT. § 974.06

(2023-24).[1]  He claims that his trial counsel was ineffective in numerous ways and that his postconviction counsel was ineffective in turn for failing to raise or to adequately address the allegations of trial counsel's ineffectiveness that Fennell alleges now.  We conclude that the claims are barred.  Accordingly, we affirm.

## BACKGROUND

¶2      The State charged Fennell with one count of first-degree reckless homicide by use of a dangerous weapon as a party to a crime and one count of possessing a firearm while a felon.  We described the underlying events in detail in a prior decision, ***State v. Fennell*** (***Fennell I***), No. 2020AP487-CR, unpublished slip op. (WI App May 25, 2021).  Only a brief overview is required here.

¶3      On November 22, 2015, at 5:07 a.m., police responded to a reported shooting in the 8000 block of West Congress Street.  There, they found T.H. dead with multiple gunshot wounds.  At 5:11 a.m. that same day, a woman brought Fennell to the hospital.  He had five gunshot wounds.  Pursuant to its protocol, the hospital notified law enforcement, which began an investigation.  Police spoke to the woman accompanying Fennell, and she said that Fennell had been shot near 84th and West Congress Streets.  She also gave police a cellphone and said that it belonged to Fennell.  Police obtained a warrant to search the phone and found four text messages sent by Devone Jackson earlier that night.  The messages implicated Fennell in T.H.'s shooting death.

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

¶4     The matter proceeded to a jury trial.  The jury found Fennell guilty of first-degree reckless homicide by use of a dangerous weapon as a party to a crime and acquitted him of possessing a firearm while a felon.

¶5     Fennell, by postconviction counsel, filed a postconviction motion under WIS. STAT. RULE 809.30, alleging that his trial counsel was ineffective for failing to seek to suppress the four text messages.  The circuit court denied the motion, and this court affirmed, concluding that trial counsel's performance was neither deficient nor prejudicial to the defense.  *Fennell I*, No. 2020AP487-CR, ¶30.    Additionally, we rejected Fennell's challenge to the sufficiency of the evidence.  *Id.*, ¶41.

¶6     Fennell, proceeding pro se, then filed the postconviction motion underlying this appeal.  He alleged again that his trial counsel was ineffective for failing to pursue suppression of the text messages that police found on his phone. He also raised new claims that his trial counsel was ineffective for failing to: move to suppress the statements that he made to police; move to suppress his bloody clothing that police collected at the hospital; impeach the detective who testified about retrieving the bloody clothes; and object to portions of the jury instructions and verdict forms pertaining to the allegation that Fennell or a co-actor used a dangerous weapon to commit the homicide.    Fennell alleged that his postconviction counsel was ineffective in turn for inadequately raising the claim relating to suppression of the text messages and for failing to raise the remaining claims.  The circuit court denied the motion without a hearing.  Fennell appeals.

## DISCUSSION

¶7     Pursuant to WIS. STAT. § 974.06(4), a person who wishes to litigate a second or subsequent postconviction motion must demonstrate a sufficient reason

for failing to raise or adequately address his or her claims in prior postconviction proceedings. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 184, 517 N.W.2d 157 (1994). Ineffective assistance of postconviction counsel may, in some circumstances, constitute a sufficient reason for an additional postconviction motion, but a bare allegation of ineffective assistance of postconviction counsel will not suffice to clear the procedural bar imposed by § 974.06. *State v. Romero-Georgana*, 2014 WI 83, ¶36, 360 Wis. 2d 522, 849 N.W.2d 668. Rather, a convicted person must "make the case" of postconviction counsel's ineffective assistance. *State v. Balliette*, 2011 WI 79, ¶67, 336 Wis. 2d 358, 805 N.W.2d 334.

¶8    To "make the case" that postconviction counsel was ineffective, a convicted person must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Balliette*, 336 Wis. 2d 358, ¶¶28, 67. The test is familiar and governs allegations of ineffective assistance levelled against both trial counsel and postconviction counsel. *Id.*, ¶¶21, 28. Specifically, a person must show a deficiency in counsel's performance and prejudice as a result. *Strickland*, 466 U.S. at 687.

¶9    To satisfy *Strickland*'s deficiency prong, a convicted person must show that counsel's actions or omissions "fell below an objective standard of reasonableness," and the person must demonstrate how he or she will establish deficient performance if granted a hearing. *Balliette*, 336 Wis. 2d 358, ¶¶67-68. To satisfy the prejudice prong, a person must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, ¶24 (citation omitted). Our case law provides a well-settled methodology for the convicted person to apply, requiring the person to allege "sufficient material facts—e.g., who, what, where, when, why,

and how—that, if true, would entitle him to the relief he seeks." ***State v. Allen***, 2004 WI 106, ¶2, 274 Wis. 2d 568, 682 N.W.2d 433.

¶10 Whether counsel's performance was deficient and whether the deficiency was prejudicial are questions of law that we review independently. ***State v. Reinwand***, 2019 WI 25, ¶18, 385 Wis. 2d 700, 924 N.W.2d 184. We may consider either the deficiency or the prejudice prong of the analysis first, and if the convicted person fails to make an adequate showing as to one prong, we need not address the other. ***Strickland***, 466 U.S. at 697. When assessing the adequacy of the allegations, we consider only the four corners of the postconviction motion, not the appellate briefs. ***Allen***, 274 Wis. 2d 568, ¶27.

¶11 We begin by considering Fennell's allegation that his postconviction counsel was ineffective for failing to raise viable claims for relief in the original postconviction motion. When a convicted person alleges that postconviction counsel was ineffective for failing to raise claims, proof of the deficiency prong requires the person to allege and show that the neglected issues were "clearly stronger" than the issues that postconviction counsel pursued. ***Romero-Georgana***, 360 Wis. 2d 522, ¶¶4, 46. This requirement reflects that postconviction counsel is not required to raise every arguably meritorious claim but instead is free to select the strongest issues from among those available to maximize the likelihood of success on direct review. ***Smith v. Robbins***, 528 U.S. 259, 288 (2000). The burden is on the convicted person to satisfy the clearly stronger standard with allegations of sufficient material fact that answer "'who, what, where, when, why, and how.'" ***Romero-Georgana***, 360 Wis. 2d 522, ¶58 (citation omitted).

¶12 In this case, Fennell acknowledged in his postconviction motion that he must satisfy the "clearly stronger" standard, but he did not complete the

required analysis. Instead, he offered conclusory assessments of his past and current claims. Specifically, he asserted that the issues he raised on his own behalf were "significant, obvious, and clearly stronger" than the issue that his postconviction counsel raised in the original postconviction motion; and he stated that his new arguments were "stronger, winning arguments," while counsel's arguments were "weaker (losing) issues and arguments[.]" He did not demonstrate, however, that postconviction counsel's selection of issues was objectively unreasonable, nor did he analyze the comparative merits of the new claims in relation to the original postconviction claim.

¶13 Fennell thus offered only his opinion about the relative strengths of the various claims and did not provide the factual basis required for a reviewing court to assess those strengths. *See Allen*, 274 Wis. 2d 568, ¶21. Accordingly, Fennell failed to make the case that his postconviction counsel performed deficiently by ignoring claims that were clearly stronger than those that counsel pursued. *See Romero-Georgana*, 360 Wis. 2d 522, ¶62 (explaining that courts "will not assume ineffective assistance from a conclusory assertion").

¶14 Because Fennell did not demonstrate that postconviction counsel performed deficiently, we need not and will not address prejudice. *See Strickland*, 466 U.S. at 697. Further discussion of claims that postconviction counsel did not pursue in *Fennell I* is unwarranted.

¶15 Fennell separately alleged that his postconviction counsel was ineffective for inadequately raising the claim presented in Fennell's original postconviction motion, namely, trial counsel's alleged ineffectiveness for failing to seek suppression of the four text messages from Jackson. According to Fennell, his postconviction counsel "underdeveloped" one argument in support of

suppression and failed to provide sufficient legal authority for a second argument. Fennell further asserted that if his postconviction counsel had made and developed the arguments he proposed, the outcome of his original postconviction motion would have been different because those arguments "would have compelled a finding that trial counsel's failure to file a motion to suppress the text messages constituted" ineffective assistance. The circuit court properly concluded that this claim was barred because Fennell previously litigated it.

¶16 In *Fennell I*, we determined that Fennell did not suffer any prejudice from trial counsel's performance in regard to the admission of the text messages, even assuming some deficiency in trial counsel's performance in failing to seek to suppress them. Instead, we explicitly "agree[d] with the circuit court that 'there is no reasonable probability that the outcome of the trial would have been different' without the text messages." *Id.*, No. 2020AP487-CR, ¶33. Fennell may not relitigate this issue. *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) (stating that a matter once litigated in a postconviction proceeding cannot be relitigated in a subsequent postconviction motion "no matter how artfully the defendant may rephrase the issue"). For all the foregoing reasons, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5.