COURT OF APPEALS
DECISION
DATED AND FILED

April 23, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1316**

Cir. Ct. No. **2012CF691**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

JEFFREY P. LEPSCH,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Affirmed*.

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM.   Jeffrey P. Lepsch, pro se, appeals the circuit court's denial of his postconviction motion without a hearing. In his motion, Lepsch

asserted that the State elicited false and improper expert testimony from a witness called by the State and that his postconviction counsel was ineffective in failing to raise the ineffectiveness of trial counsel with regard to this issue. We conclude that this postconviction motion was procedurally barred because Lepsch failed to demonstrate that the issues raised in the motion were clearly stronger than those presented in his earlier postconviction motion. Because the circuit court did not err in denying the motion without a hearing, we affirm.

## BACKGROUND

¶2 After a five-day jury trial in 2013, Lepsch was convicted of two counts of first-degree intentional homicide, armed robbery with use of force, and possession of a firearm by a felon. The homicide victims were discovered in a photography store from which various camera equipment had been taken, much of which police discovered at Lepsch's residence. In Lepsch's bedroom, Police found six external flashes for attachment to a camera. At trial, the State posed questions about these flashes to Investigator Anthony DeLap, who testified in pertinent part as follows:

> Q [W]hat pieces of camera equipment were located [in Lepsch's bedroom]?
>
> A Some -- one, two, three, four, five, six external flashes.
>
> ….
>
> Q Did you indicate five of the very same model?
>
> A Correct.
>
> Q Um, now, where does the external flash go, if you can show to the jury where the external flash goes on the camera?

A       Ah, the external flash attaches to the top of the camera.

Q       How many of those can you fit on a camera?

A       One.

Q       You can only fit one of those on the camera?

A       Correct.

Q       You said that you're somewhat of a camera guy. How many external flashes do you need for the camera?

A       One.

¶3      This court affirmed the judgment of conviction and an order denying a motion for postconviction relief in Lepsch's direct appeal, State v. Lepsch, No. 2014AP2813-CR, unpublished slip op. (Nov. 19, 2025). Lepsch then filed a petition for review, and the supreme court granted review. Lepsch did not raise any issue related to DeLap's testimony in that appeal. In a published opinion, the supreme court also affirmed the judgment and order, rejecting Lepsch's arguments, namely, that:

> (1) Lepsch's right to a trial by an impartial jury was violated because certain of the jurors in his case were subjectively and objectively biased; (2) Lepsch's right to due process of law was violated because of circumstances that created the likelihood or appearance of bias and because of alleged deficiencies in the circuit court's investigation into and mitigation of these circumstances; (3) Lepsch's right to be present at a critical stage of his proceedings, right to a public trial, and right to a jury properly sworn to be impartial were violated because the La Crosse County Clerk of Courts administered the oath to the prospective jurors in Lepsch's case outside of Lepsch's presence; and (4) Lepsch's right to receive the proper number of peremptory strikes, to full use of those strikes, and to have biased jurors removed for cause was violated by the circuit court.

*State v. Lepsch*, 2017 WI 27, ¶3, 374 Wis. 2d 98, 892 N.W.2d 682 (footnotes omitted). All of these arguments were "raised via a claim of ineffective assistance of counsel." *Id.*

¶4    Lepsch filed another postconviction motion pursuant to WIS. STAT. § 974.06 in February 2025. He argued that trial counsel was ineffective in failing to object to the testimony from DeLap reproduced above as improper expert opinion, which Lepsch characterized as false, because Lepsch himself had "used multiple external flashes with only one camera." He also argued that postconviction counsel was ineffective in failing to investigate Lepsch's assertions with respect to this issue.

¶5    The circuit court denied this motion without a hearing. It determined that Lepsch did not demonstrate a sufficient reason for not asserting the claims related to DeLap's testimony in his earlier postconviction motion. Lepsch appeals.

## DISCUSSION

¶6    The question on appeal is narrow: whether the allegations in Lepsch's postconviction motion were sufficient to require the circuit court to hold an evidentiary hearing. *See State v. Balliette*, 2011 WI 79, ¶38, 336 Wis. 2d 358, 805 N.W.2d 334. A defendant is entitled to an evidentiary hearing if the postconviction motion alleges "sufficient material facts—e.g., who, what, where, when, why, and how—that, if true, would entitle [the defendant] to the relief [the defendant] seeks." *State v. Allen*, 2004 WI 106, ¶¶2, 23, 274 Wis. 2d 568, 682 N.W.2d 433. However, absent a sufficient reason, a defendant is procedurally barred from raising claims in a WIS. STAT. § 974.06 postconviction motion that could have been raised in a prior postconviction motion or appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 185-86, 517 N.W.2d 157 (1994). The defendant must allege the "sufficient

4

reason" in the postconviction motion itself. *State v. Romero-Georgana*, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

¶7 "In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal." *Id.*, ¶36. Such a claim must be supported by alleging that postconviction counsel was constitutionally ineffective, rendering deficient performance that resulted in prejudice to the defendant, under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Balliette*, 336 Wis. 2d 358, ¶¶21-28. In a case like this, in which the deficient performance of postconviction counsel is alleged to be a failure to bring a claim of ineffective assistance of trial counsel, the defendant must also allege that trial counsel's performance was both deficient and prejudicial. *Romero-Georgana*, 360 Wis. 2d 522, ¶56; *State v. Ziebart*, 2003 WI App 258, ¶15, 268 Wis. 2d 468, 673 N.W.2d 369. In addition, the defendant must show "that 'a particular nonfrivolous issue was *clearly stronger* than issues that [postconviction] counsel did present.'" *Romero-Georgana*, 360 Wis. 2d 522, ¶45 (emphasis in original; citations omitted).

¶8 Whether a WIS. STAT. § 974.06 motion alleges sufficient facts to require a hearing and a sufficient reason for failing to raise claims earlier are questions of law that this court independently reviews. *Id.*, ¶30. We limit our review to the allegations within the four corners of the motion. *Id.*, ¶64. With this background in mind, we turn to the specific allegations in Lepsch's § 974.06 motion.

¶9 Assuming without deciding that Lepsch's motion made sufficient allegations of ineffective assistance from both trial and postconviction counsel, we conclude that Lepsch failed to sufficiently allege that the issues related to the DeLap

testimony are clearly stronger than the claims presented in his earlier appeal. Lepsch acknowledged the correct standard in his motion, but he did not meaningfully compare the strength of his current claim with the claims actually raised by postconviction counsel. He acknowledged that he considered the "issues surrounding the lack of an impartial jury" in his initial appeal as "strong[]," and that they "received review from multiple courts." Indeed, the originally raised issues were substantial enough to warrant review by our supreme court, which grants review to only a small percentage of the cases that it could review. Lepsch stated that he would "use[] these issues as the 'benchmark' when applying the 'clearly stronger' standard to his current claims," but he did not then apply the standard; there is no analysis whatsoever of the relative strength of the "impartial jury" claims as compared to the claims relating to DeLap's testimony in Lepsch's motion, only the conclusory assertion that the current claims are clearly stronger.

¶10 Lepsch argues that his motion included the necessary comparison because the originally asserted impartial jury claims related to the "vehicle" used for the determination of guilt or innocence and, in supposed contrast, the current claims regarding DeLap's testimony, relate to "erroneous information" that reached the jury. This is not enough. The motion included no explanation as to why the claims Lepsch sought to assert after his original appeal had any better chance of success than the claims in the original appeal.

¶11 We therefore affirm the circuit court's denial of Lepsch's postconviction motion as procedurally barred under *Escalona*.

## CONCLUSION

¶12 For these reasons, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.